JOHN W. CHANEY, Respondent, v. THE WABASH, ST. LOUIS AND PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, July 6, 1885.

1. JURISDICTION—JUSTICE'S COURT—INJURY TO STOCK.—Under the provisions of section 2839, Revised Statutes, Mo., 1879, conferring jurisdiction upon justices of the peace in actions against railroad companies for killing or injuring of stock, the jurisdiction is not confined to the justice of the township where the injury occurred, but is extended to the justice of any adjoining township without regard to amount involved. *Creason v. same defendant,* 17 Mo. App. 111.

2. PRACTICE—QUESTION OF FACT—STATEMENT.—The question as to whether the killing was on a public highway is simply one of fact, to be fairly submitted to the jury under proper instructions. The statement in this case, set forth in the opinion, *held* good after verdict.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, J.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

H. S. PRIEST AND GEO. S. GROVER, for the appellant.

I. The statement does not aver facts sufficient to constitute any cause of action, under section 809, Revised Statutes, Missouri, 1879. It cannot even be inferred from the statement that the killing was occasioned by failure of

defendant to fence. *Bates v. R. R.*, 74 Mo. 60 ; *Schulte v. R. R.*, 76 Mo. 324 ; *Asher v. R. R.*, 79 Mo. 432 ; *Dryden v. Smith*, *Ib.* 525 ; *Morrow v. Missouri Pacific R. R.*, supreme court Mo., not yet reported.

II.   Where an action is brought, even against a railroad company in a township adjoining that in which the injury or killing occurred, the jurisdiction of the justice is limited to one hundred and fifty dollars ; therefore, in this case, the justice had no jurisdiction of the cause. Sections 2835, 2836 and 2839, Revised Statutes, Mo., 1879, pp. 474, 475.

III.   Under the pleadings and evidence, the demurrer to the evidence should have been sustained. There was no conflict in the testimony as to the place of killing, which was on the crossing. Upon this state of facts the plaintiff could not recover under section 809 of the statute. *Sullivan v. R. R.*, 72 Mo. 195.

IV.   The court erred in refusing instructions asked by defendant. The crossing was certainly a public highway *de facto*, whether it was ever legally established or not. At such a place section 809 has no application, and plaintiff could not recover unless the animal was negligently killed. *State v. Walters*, 69 Mo. 462 ; *State v. Wells*, 70 Mo. 635 ; *Phelps v. P. R. R.*, 51 Mo. 477 ; *Luckie v. C. & A. R. R.*, Sup. Ct. Mo., not yet reported.

THOS. J. PORTER, for the respondent.

I.   The evidence shows that a public road crosses the railroad diagonally between two cattle guards, which are five hundred and four feet apart. The public road is forty feet wide, and if cattle guards had been placed at the lines of the road they would have been seventy-five feet apart. The railroad is not fenced. The mare got upon the track and was killed close to one of the cattle guards—so close that it threw her across the cattle guard, and forty-four feet from the nearest point to the public road.

II.   The instructions asked by defendant were properly refused, as they had been substantially given in different language, and their refusal could not prejudice the defendant.

III. The objection, as to the *statement*, comes too late. The defect, if any, is cured by verdict. *Mack v. St. L., K. C. & N. Ry. Co.*, 77 Mo. 234; *Ellet v. The Same*, 76 Mo. 535; *Grove v. Kansas City*, 75 Mo. 674; see, also, *Edwards v. R. R.*, 74 Mo. 117; *Williams v. R. R.*, 74 Mo. 456.

IV. The objection to the jurisdiction of the justice is not tenable. The law, as it now stands (by amendment, section 6, Laws 1874, p. 125, incorporated in revision of 1879), expressly provides for suit before justices in adjoining township *without regard to amount*. *Fitterling v. Mo. Pacific R. R.*, 79 Mo. 504.

V. The case was fairly submitted to the jury and upon proper instructions, and this court will not consider the weight of evidence. *Moore v. Mo. Pacific R. R.*, 73 Mo. 439.

Opinion by PHILIPS, P. J.

This is an action to recover damages for injury to plaintiff's mare, alleged to have been inflicted by defendant's train of cars at a point on the road where it was not fenced and not at a public crossing. The statement is as follows, the action being instituted in a justice's court in an adjoining township to that in in which the injury occurred:

"Plaintiff states that the defendant is a corporation, operating a railroad under and by virtue of the laws of the state of Missouri; that heretofore, to-wit, on or about the third day of February, 1880, in the township of Jackson, Clinton county, Missouri, which is a township adjoining Lathrop township, in the same county, plaintiff's mare strayed upon defendant's railroad track, at a point where there is no public crossing, and where defendant's railroad is not inclosed by any lawful fence, as required by the statute, and where the same runs through unclosed prairie land. That at said time and place the defendant's locomotives and cars, in charge of and operated by defendant's agents and employes, struck and killed the said mare, to the damage of plaintiff in the sum of one hundred and twenty-five dollars. Wherefore, he prays judgment for two hundred and fifty dollars."

Plaintiff recovered judgment for double the value of the mare in the sum of two hundred and fifty dollars.

Defendant has brought the case here on appeal.

1. The sufficiency of such a statement has been so repeatedly affirmed by the appellate and supreme court of this state, that we shall not say more than that the statement is certainly good after verdict.

2. The point is raised by appellant that, as the action was brought before a justice of the peace outside of the township in which the injury occurred, the trial justice had jurisdiction only to render judgment for the sum of one hundred and fifty dollars, as prescribed by the provision of the statute conferring jurisdiction in ordinary actions for damages on justices of the peace.

This suggestion finds its plausibility in the language of section 2835, Revised Statutes. As this section stood in the general statute of 1865, there was no question but its operation was confined to the justices of the township wherein the injury occurred. And thus the courts so understood and construed it. But in the revision of 1879, in defining where such suits should be brought, the revisors added, in section 2839, the words, "or any adjoining township." The evident object of this amendment was to extend the operation of the statute, conferring jurisdiction on justices of the peace in such actions without regard to the amount involved, to justices of adjoining townships. The amendment would have been meaningless and useless without it. The revisors simply neglected to make the change in section 2836 to conform to section 2839. In the construction of a statute the intent of the legislature is to be gathered from every part of it, and this intent, when ascertained, is often as much within the statute, and is to control its operation, as if unambiguously expressed. *In the matter of Bomino's heirs*, 83 Mo. 433 ; see, also, *Fetterling v. R. R.*, 79 Mo. 504; *Connor v. R. R.*, 59 Mo. 293; *Creason v. Same Deft.*, 17 Mo. App. 111.

3. The principal controversy in this case was as to whether the point where the animal came upon defendant's track and was killed was a public highway. The

question is simply one of fact, and was very fairly and squarely submitted by the court to the jury under the instructions. We have carefully examined the evidence, and find there was ample proof on the part of the plaintiff to warrant the court in submitting the case to the jury. It would have been error in the court, in our opinion, to have taken it from the jury. By its verdict we are concluded.

The judgment of the circuit court must be affirmed. All concur.