J. HUGO GRIMM, Respondent, v. DUNDEE LAND AND INVESTMENT COMPANY, Appellant.

St. Louis Court of Appeals, December 5, 1893.

1. Justices' Courts: WAIVER OF OBJECTION TO WANT OF JURISDICTION. The doctrine, that jurisdiction over persons may be conferred by consent or waiver, is applicable to justices' courts.

2. **Practice, Trial:** INSUFFICIENCY OF OBJECTION TO EVIDENCE. Objection to the admission in evidence of a letter as a whole is, insufficient, when a portion of it is competent.

*Appeal from the St. Louis City Circuit Court.*—HON. J. A. HARRISON, Special Judge.

AFFIRMED.

*Dawson & Garvin* for appellant.

(1) The justice had no jurisdiction because of the local character of his statutory powers and the locality of the residences of the parties, plaintiff and defendant. The statute prescribes the limits of his jurisdiction. Revised Statutes, 1889, sec. 6126; *Burns v. Lidwell*, 6 Mo. App. 194: *Bast v. Ketchum*, 5 Mo. App. 433; *Clarkson v. Guernsey, etc. Co.* 22 Mo. App, 111; *Jewett v. Railroad*, 38 Mo. App. 50; *United States, etc. Co. v. Reisinger*, 43 Mo. App. 574; *Hausberger v. Railroad*, 43 Mo. 200; *State v. Metzer*, 26 Mo. 66; *Iba v. Railroad*, 45 Mo. 475; *Fare v. Gunter*, 82 Mo. 524; *Rohlank v. Railroad*, 89 Mo. 183; *Hamilton v. Millhouse*, 40 Iowa, 75; Murfree's Justice Practice, sec. 213. An appearance of the defendant did not, and consent of parties cannot, give the justice jurisdiction, or any greater powers in this case than is conferred expressly by the statutes. *Chapman v. Morgan*, 2 G. Gr. 374; *Smith v. Simpson*, 80 Mo. 639; *McMeans v. Cameron*, 51 Iowa, 691; *Thurston v. Wilkinson*, 65 Ga. 557; *Mitchell v. Braswell*, 59 Ga. 534; *Dodson v. Scrogg*, 47 Mo. 287; *Boyer v. Moore*, 42 Iowa, 544; Brown on Jurisdiction, sec. 36, note 2; Murfree's Justice Practice, sec. 227; *Gregg v. Railroad*, 48 Mo. App. 499; *Christian v. Williams*, 111 Mo. 429. (2) The judgment should be reversed for errors committed by the trial court in admitting illegal evidence.

*Hammond v. Beeson*, 112 Mo. 201; *Ebersole v. Rankin*, 102 Mo. 500; *State v. Whelehon*, 102 Mo. 18; *Brownfield v. Ins. Co.*, 35 Mo. App. 55; *Fowle v. Stevenson*, 1 Johns. Cas. 110; *Tuttle v. Hunt*, 2 Cowen Rep. 436; *Champlin v. Filley*, 3 Day, 303; *Pennfield v. Carpenter*, 13 Johns. Rep. 350; *Rutledge v. Railroad*, 110 Mo. 318.

*J. Hugo Grimm* for respondent.

Even if the act of 1883 was repealed, which is denied, still the defendant has waived any objection to the court's jurisdiction over its person, *first*, by appearing and defending before the justice; *second*, by taking an appeal to the circuit court and there again trying the case on its merits, *Bornschein v. Fink*, 13 Mo. App. 121, 123; *Gibbs v. Railroad*, 11 Mo. App. 459; *Gant v. Railroad*, 79 Mo. 502; *Kelly v. Railroad*, 86 Mo. 682; *Fitterling v. Railroad*, 79 Mo. 504; *Boulware v. Railroad*, 79 Mo. 494; *Berkley v. Kobes*, 13 Mo. App. 502; *Rice v. Railroad*, 30 Mo. App. 110; *Fair v. Gunter*, 82 Mo. 523; *Blackman v. Cowan*, 11 Mo. App. 588; Revised Statutes, 1889, secs. 6123, 6125, 6326, 6328, 6339. As to the meaning of "jurisdiction of subject-matter," see *Dowdy v. Wamble*, 110 Mo. 284.

ROMBAUER, P. J.—This action was instituted before a justice of the peace in the city of St. Louis, its object being the recovery of damages for breach of a contract of sale. The defendant appeared before the justice in obedience to a summons, and defended the action on its merits. Upon being defeated the defendant appealed to the circuit court, where it was again defeated; and it now prosecutes the present appeal.

It was admitted on the trial in the circuit court that the defendant did not reside in the judicial district of the justice, nor in an adjoining judicial district, and

had no office in either of them.   The defendant moved
to dismiss the cause for want of jurisdiction, but the
motion was overruled by the court, and  this ruling  is
now complained of as error.

    This assignment of error is based on  the  assump-
tion, that section 6126 of the Revised Statutes of 1889
is an express repeal of the act of 1883, page 103, which
conferred on justices within the city of St. Louis, juris-
diction co-extensive with  the  city,  regardless of  the
defendant's residence.   We need not discuss the merits
of  that  argument, as  the  point does  not  call for  a
decision on  the record before us.   It  nowhere  appears
that the plaintiff did  not  reside  in the judicial district
of the justice before whom the cause was tried, nor that
the defendant was not found therein.   The defendant
is a corporation and as such  can  have  no  fixed  resi-
dence in any district; and  it  does  not  appear  that its
president, who by law is the proper person to be served,
was not found in the  judicial  district of the  justice.
Revised Statutes, 1889, section 2527 ;   *Mikel v. Railroad*,
54 Mo. 145.   The record merely recites that  the  sum-
mons  was  returned  duly  served.   But,  even  if  this
objection were out of the way, the defendant's position
would not be mended, because it is affirmatively shown
by the record that it appeared before  the  justice  and
went to trial upon the  merits  of  the  action.   By  so
doing the defendant waived any objection to the jurisdic-
tion of the justice over  its  person, since the action was
transitory.   The position now taken by the defendant,
that, as to tribunals of limited and statutory jurisdic-
tion, even the  jurisdiction  of  persons  becomes  juris-
diction of subject-matter, is untenable both on principle
and authority.   The case  of  *Fare v. Gunter*,  82  Mo.
522, impliedly decides that, even where the justice  has
no jurisdiction of the person of the defendant, because
he resides in another  township,  an  appearance to the

merits waives the objection to the jurisdiction. We cannot see how the law could be otherwise without giving rise to the most interminable confusion, since the statute does not require either the constable who serves the writ, or the justice who tries the cause, to state the *residence* of the defendant, and we take judicial notice of the fact that this is never done.

Upon the trial of the merits the plaintiff gave evidence tending to show that he purchased of the defendant a lot of land at auction sale, and at the time of his purchase deposited $50 as earnest money with the defendant. It was conceded that the defendant at the time gave to the plaintiff a memorandum of the sale, executed by its duly authorized agent and stating that the sale was at the rate of $25 per front foot. The plaintiff was always ready to consummate the transaction on that basis, but the defendant insisted that the sale was at $25.50 per front foot, and declined to tender a deed to the plaintiff for the purchase price as it was claimed to be by plaintiff. The settlement of this controversy dragged on for some time, and when the plaintiff finally consented rather to pay the additional fifty cents per front foot than to lose the benefit of his bargain, the defendant sought to impose upon him conditions as to the payment of interest which were not contained in the prospectus of the sale. The plaintiff also gave evidence tending to show that the market value of the lot sold to him by the defendant was, at the date of sale, $30 per front foot or more.

On the other hand, the defendant's evidence tended to show that the sale was made at a price of $25.50 per front foot, and that the memorandum of sale delivered to the plaintiff, which stated the price at $25, was a mistake of the scrivener. The defendant also gave evidence tending to show that it was always ready to

convey the property to the plaintiff upon his complying with the terms of the sale at $25.50 per front foot.

The court instructed the jury in substance that, if they believed the facts to be as shown by plaintiff's evidence, the plaintiff was entitled to recover the $50 paid by him to the defendant, and also any excess in the market value of the lot over and above the amount at which the lot was sold to him; that, if they believed that there was a mistake in good faith on part of the plaintiff and defendant as to the price of sale, then the plaintiff's recovery was limited to the $50 earnest money which he had paid; but that if, on the other hand, they believed the facts to be as shown by the defendant's evidence, then the plaintiff could not recover, and they must find for the defendant. The jury found for the plaintiff in the sum of $300, their verdict indicating that they found a sale of the lot at $25 per front foot, a breach of the contract of sale by the defendant, and a market value of the lot at $30 per front foot, the lot being one of fifty feet front.

Complaint is made of these instructions, because they submitted to the jury the plaintiff's right of recovery of the earnest money in case of mistake, whereas his statement sought only the recovery of damages for breach of contract of sale. It suffices to say in reply to this complaint that this action was instituted before a justice of the peace, where formal pleadings are not required, and that the plaintiff's statement sought to recover as well the earnest money as damages for the breach of the contract. But even if the case were otherwise, the defendant would be in no position to complain, since the verdict of the jury conclusively shows that they found for the plaintiff not on the ground of mutual mistake, but on the ground of the breach by the defendant of the contract as

claimed in the plaintiff's statement; hence the instruction complained of, even if not warranted by the issues framed, could not have possibly misled the jury.

Complaint is also made that the court, against the defendant's objections, permitted the plaintiff to read to the jury certain letters, which he had written to the defendant's agents urging them to consummate the contract. When these letters were offered in evidence, each of them was objected to as a whole. Had the objections been confined to certain parts of them, the court would probably have sustained the objection; but, as it was, the objection was too broad, because portions of each of the letters. were admissible in evidence as tending to show the readiness on part of the plaintiff to comply with his part of the agreement. Hence we must overrule this assignment of error likewise.

Complaint is also made that the court permitted the plaintiff to amend his original statement, and thereby, as the defendant claims, substantially change the cause of action. The amended statement filed in the circuit court is different from the statement filed before the justice only in setting out some evidentiary facts. The plaintiff would certainly have been at liberty to prove all the facts, which he did prove in the circuit court, under his original statement as filed before the justice of the peace. *The cause of action,* which was the breach of the contract of sale by the defendant, was in no way changed.

Finding no error in the record, the judgment, with the concurrence of all the judges, is affirmed.