TRIMBLE & FYFER, Respondents, v. S. H. ELKIN, Appellant.

Kansas City Court of Appeals, April 1, 1901.

1. **Justices' Courts: JURISDICTION: DOCKET ENTRIES.** It is not essential to a justice's judgment that the jurisdictional facts should appear from his docket entries, it is sufficient if they appear on the face of the proceedings. Cases considered.

2. ————: **ALTERED TRANSCRIPT: EVIDENCE: PRESUMPTION.** The transcript of a justice's docket is admissible in evidence although it contains an alteration of 1892 to 1891, provided there is nothing suspicious in the alteration; and where the trial judge admits it, it is presumed that he found nothing of a suspicious nature in the paper or the facts.

3. ————: **TRANSCRIPT: ORIGINAL SUMMONS: EVIDENCE.** Where the transcript of a justice fails to show the date of the summons, the summons itself is competent evidence to show such date.

4. **Scire Facias: JUDGMENT OF REVIVAL: EXECUTION: SURPLUSAGE.** A scire facias to revive a judgment is not a suit upon the original judgment to recover its amount with interest and cost, and the proper entry is to award execution with interest and cost; but where such judgment of revival contains a clause reviving the original judgment, that part of the form of a judgment for the amount of the original judgment, etc., may be regarded as surplusage.

5. **Justices' Courts: SERVICE OF SUMMONS: JURISDICTION: RESIDENCE: EVIDENCE.** The constable's return on the summons showed defendant served in the township of the justice issuing the summons, but neither the return nor the other facts or papers made it appear that the defendant resided in such township or any adjoining township, or that the plaintiffs resided in the township where the defendant was served, or that the defendant was a nonresident of the county. *Held*, the justice had no jurisdiction of the defendant. The residence of the parties need not appear in the transcript but may be proved *aliunde*.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED.

. *Odon Guitar, Silver & Brown* for appellant.

(1)   The transcript of the record of a justice of the peace should show on its face affirmatively every fact essential to confer jurisdiction. Nothing can be presumed, implied or inferred *dehors* the record.   Warden v. Railroad, 78 Mo. App. 664; Barhydt v. Alexander, 59 Mo. App. 189; Klein v. Wielandy, 15 Mo. App. 581; McQuoid v. Lamb, 19 Mo. App. 153; Haggard v. Railroad, 63 Mo. 302; Fulkerson v. Davenport, 70 Mo. 541, 545.   (2) Facts giving jurisdiction to justices of the peace must affirmatively appear on the record since no presumption attends such proceedings as is the case in courts of general jurisdiction.   (5) The trial court likewise committed error in sustaining respondent's motion to correct the transcript of the justice as filed in the circuit clerk's office.   Coleman v. Edwards, 4 Bibb. (Ky.) 347; Porter v. Brisbane, 1 Brevard (S. C.) 381; Bolinger v. Fowler, 14 Ark. 27; Warden v. Railroad, 78 Mo. App. 664.   (3) To confer jurisdiction upon the justice, the transcript of his record should show the following facts:  (a) Filing of the note and date thereof.   (b) Issuance and date of summons.   (c) Service of summons and return showing, manner of service.   All the foregoing is omitted in the record in this case.   See Olin v. Zeigler, 46 Mo. App. 193; Barhydt v. Alexander, 59 Mo. App. 189; Fulkerson v. Davenport, 70 Mo. 541.   (4) Want of jurisdiction apparent on an inspection of the record is a good defense to a scire facias on a judgment.   Frankel v. Satterfield, 19 Atl. Rep. 898 (Del.). A good defense to a scire facias on a judgment is the fact that

the judgment is void, because the court in entertaining it had no jurisdiction of the person. Wiltstruek v. Temple, 58 Neb. 16. See, also, Kincaid v. Griffith, 64 Mo. App. 673; Barhydt v. Alexander, 59 Mo. App. 189; See, also, Steward v. Stringer, 41 Mo. 401. (6) An instrument, appearing on its face to have received material alterations, is not admissible in evidence until the alterations are explained. Patterson v. Fargan, 38 Mo. 70; Stillwell v. Patton, · 108 Mo. 353. (7) The judgment is erroneous in this case. Instead of a judgment of revivor, the court proceeded as if the proceeding was an action of debt on the judgment. Humphreys v. Lundy, 37 Mo. 323. The cases cited by respondent are cases where the court had jurisdiction by appeal and are not applicable here.

*C. B. Sebastian* for respondents.

(1) Appellant's contention that the justices' transcript must show all the facts necessary to give jurisdiction is not sustained by the authorities cited and is not the law of this State. Our statute provides that irregularities do not affect judgments in a justice's court. See Sec. 4031, R. S. 1899. Moreover, our courts have uniformly held that it is not essential to the validity of the judgment of a justice of the peace that the jurisdictional facts should appear from his docket entries. It is sufficient if they appear anywhere on the face of the proceedings. Collins v. Kammann, 55 Mo. App. 464; Randall v. Lee, 68 Mo. App. 564; Sappington v. Lenz, 53 Mo. App. 44. (3) The point that the judgment is erroneous was not brought to the attention of the trial court, is not mentioned in the motion for new trial and can not be considered by this court. The computation of the interest may be treated as a mere surplusage. It was not necessary but it does not invalidate the judgment. Sappington v. Lenz, 53 Mo. App. 52.

BROADDUS, J.—This was a suit to revive a judgment by scire facias. From the petition and record it is made to appear: that on the twenty-fifth day of July, 1891, plaintiffs obtained a judgment against the defendant before W. S. Pratt, a justice of the peace for Columbia township, in said county of Boone, on a promissory note for $223.67, and $4.95 costs, with interest; that on the twenty-seventh day of September, 1892, a certified transcript of said judgment was filed in the office of the circuit clerk of the county; and that a writ of scire facias was issued which was served on the defendant.

On the twenty-first day of February, 1900, a judgment was rendered in favor of the plaintiffs reviving said judgment, from which defendant appealed. During the progress of the cause the defendant moved to dismiss, for the reason that the justice of the peace who rendered the judgment had no jurisdiction, and that, therefore, the circuit court had no jurisdiction for the following reasons:

1 Because said transcript of the justice does not show that the summons issued was directed to the constable of the township in which the justice resided, as required by law. 2. Because said transcript fails to show that said summons was served on the defendant, or the time and manner of such service, as required by law. 3. Because said transcript fails to show that said summons was served in the township where the defendant resided, and by the constable of such township, as required by law. 4. Because said transcript fails to show that said note was filed with the justice before the process was issued. 5. Because the petition and the transcript show that the summons in said original cause was served more than 74 days after the date of its issue (if served at all, which is denied.) 6. Because said alleged judgment, having been rendered without due and legal service of the summons, or appearance of the defendant, the same is absolutely void.

This motion was overruled by the court, whereupon plain-tiffs filed a motion to correct the transcript as recorded by the circuit clerk in his office, for the reason that said clerk, in mak-ing the certified copy of the transcript of the judgment sought to be revived, erroneously recited that the service of the sum-mons was "had on the fifteenth day of July, 1892, when the transcript and summons show that it was had on the fifteenth day of July, 1891, and to make it conform to the true date, to-wit: July 15, 1891." Which motion was sustained. Upon the hearing of said motion the original transcript was in evi-dence before the court, and also the note filed with the justice with the date of filing thereon.

Defendant claims that his motion to dismiss should have been sustained because the transcript did not show the essential facts necessary to give the court jurisdiction, and cites numer-ous cases. As they are all to the same effect we will only notice a few of them. Warden v. Railroad, 78 Mo. App. 664, was a case on appeal. The defendant was sued for killing stock on its track, the action being instituted before a justice of the peace. It was there held that in order to give the justice jurisdiction, it must not only be alleged that the stock was killed in the township of the justice, or an adjoining township, but it must appear by proof at the trial that the injury hap-pened in the township as alleged. The fact that Rose Hill township adjoined Madison township was admitted on the trial, but there was no evidence showing that the injury was inflicted in said Rose Hill township. It being a jurisdictional fact un-proved, the court was held not to have acquired jurisdiction. But it will be observed that said fact could not have been made to appear in a transcript, but could only be shown in a bill of exceptions. In other words, it must have been found some-where on the face of the record, that is, the record made by the bill of exceptions and not the record proper.

In Olin v. Zeigler, 46 Mo. App. 193, the suit was on a duebill. As the record before the court, that is, the whole record on appeal, did not show the filing of the duebill with the justice, the court held that he did not have jurisdiction. On the other hand, it was held that when a note had been lodged with the justice of the peace before issue of process, it gave him jurisdiction, although he had failed to mark it filed: See Randall v. Lee, 68 Mo. App. 561. And in that case the docket recites that plaintiff filed a promissory note, although it was a duebill, and that the amount was $257.70 when in fact the amount was $251.

It is not essential to the validity of a judgment of a justice of the peace that the jurisdictional facts should appear from his docket entries; it is sufficient if they appear anywhere on the face of the proceedings. Collins v. Kammann, 55 Mo. App. 464. And these cases are not in conflict with those cited by defendant but are in harmony with them and apply to a different state of facts. It was certainly competent for the court, upon the original transcript of the justice and the note filed with the proceedings, to correct the copy made by the circuit clerk.

But defendant says that said original transcript shows upon its face that it had been altered—that the dates had been changed. The figures "1892" where they occurred twice were in each instance changed thus: 1891—which would make the return of the constable read "the fifteenth day of July, 1891," instead of the fifteenth day of July, 1892, and the date of trial in 1891 instead of 1892. In Patterson v. Fagan, 38 Mo. loc. cit. 84, the court, in reference to a contract offered in evidence that had been materially interlined, said that it was wholly inadmissible. But here there was evidence showing the true date of service and of judgment. And besides, there may have been nothing suspicious about the appearance of the alteration. If

not, it was competent to admit it.    It must be presumed that the trial judge, who heard the evidence and inspected the paper, found nothing in the appearance of the same of a suspicious nature and from the facts, that would justify him in refusing it as evidence.    Stillwell v. Patten, 108 Mo. 352.

The summons in this case was in evidence with the return of the constable thereon.    The summons shows that it was issued on the second day of July, 1891, by W. S. Pratt, justice of the peace for Columbia township, and was directed to the constable of that township, whose return shows that it was executed in that township on the fifteenth day of July, 1891.    The fact that the transcript failed to show a date of issue is fully supplied by the summons itself.    This was competent evidence. Brandenburger v. Easley, 78 Mo. 659; Roach v. Coal Co., 71 Mo. 398; Sappington v. Lenz, 53 Mo. App. 44.

It is claimed that the judgment is erroneous.    The original judgment is revived and judgment entered for $425 and costs.    This includes the accrued interest since the rendition of the original judgment.    In Humphreys v. Lundy, 37 Mo. 323, the judgment was for plaintiff for $458.36, debt and damages. The court there held that a scire facias to revive a judgment is not a suit upon the judgment, in which the plaintiff recovers the amount of the original judgment, with interest and costs.    That the proper entry is to award execution with interest and costs. In Sappington v. Lenz, supra, a case like this, the court held as the judgment contained a clause reviving the original judgment, that that part which was in the form of a judgment for the amount of the original judgment with interest and cost should be treated as surplusage, and upheld the judgment.

But it is claimed that said transcript fails to show that said summons was served on the defendant where defendant resided.    This is true, and neither does it appear by any other means.  Section 3839, Revised Statutes 1899 (which is the same

as that of section 6126, Revised Statutes 1889), provides, where suits before justices of the peace may be brought. First, wherein the defendants, or one of them, resides, or in any adjoining township; or, second, wherein the plaintiff resides, and the defendants, or one of them, may be found; third, if the defendant is a non-resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found, etc. It was not made to appear at the trial, that the defendant resided in Columbia township or any adjoining township; or that plaintiffs resided in said township and the defendant was found therein; or that he was a non-resident of the county. It only appeared that he was served in the township named. If this is a jurisdictional question, and we think it is, then there was a failure upon the part of the plaintiff to show that the justice had jurisdiction of the person of the defendant. Had he appeared at the trial, the justice having jurisdiction of the subject-matter, he would have waived jurisdiction over his person, unless he had objected for want of jurisdiction. We are not aware that this precise question has been decided by the appellate courts of the State. But we do not want it understood that it is necessary for the transcript to show the fact of residence of parties; it would be sufficient to prove it *aliunde,* by the evidence of witnesses or by any other legitimate proof. For this omission the cause is reversed and remanded. All concur.