# MEYER v. PHOENIX INSURANCE COMPANY, Appellant.

### Division One, November 23, 1904.

1. **VENUE: Foreign Insurance Company: Suit Before Justice in Any County.** A non-resident insurance company may be sued in a transitory action before a justice of the peace in any county in the State, whether the plaintiff resides in such county or not.

2. ———: ———: ———: **Meaning of Statutes: Service.** The statute authorizing a transitory action before a justice of the peace "to be brought in any county in this State wherein the defendant may be found" if the defendant is a non-resident of the State, must be construed in connection with the statute (sec. 3838, R. S. 1899) which authorizes non-resident insurance companies to be sued in any county in the State. Hence, a resident of one county may bring a suit before a justice of the peace in another county against a foreign insurance company,

and obtain jurisdiction over the company by having the summons directed to the constable of the township (in another county) in which the Capitol is located and there served by him upon the Superintendent of Insurance. In such case, the suit is brought, in legal contemplation, in a township in which the defendant resides, as is required by the first provision of section 3839. Section 3838 makes a foreign insurance company a resident of every county in the State for the purpose of a suit against it.

3. **JURISDICTION: Pleading to Merits: Waiver.** A defendant may unite in the same pleading a plea to the jurisdiction, as to the person as well as the subject-matter, with a plea to the merits, and does not thereby waive the question of jurisdiction of the court.

4. ———: ———: ———: **Appeal.** The defendant made timely objection to the jurisdiction over it both in the justice's court and the circuit court. *Held,* that it did not waive the question of jurisdiction by appealing to the circuit court after judgment against it.

5. ———: ———: ———: **Motion for Costs.** A defendant does not waive the question of jurisdiction over the person by filing a motion for costs after the court has overruled his plea to the jurisdiction and he has saved his exceptions.

6. ———: ———: ———: **All Pleas to be In Same Answer.** Under the code a defendant must make all his defenses in the same answer, whether such defenses be such as have heretofore been denominated dilatory, in abatement, or in bar.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Peers, Femmer, & Peers* for appellant.

The only question in the case is: Does a justice of the peace, living in a county where neither the plaintiff nor defendant resides, and where the defendant cannot be found, have jurisdiction to render a judgment binding on anybody? The two sections of the statute must be read together and made to harmonize one with the other, if possible. Section 3838 does not undertake to define where suits shall be brought, but directs how

process shall issue and be served on certain corporations. The section following directs where suits shall be brought, and it nowhere provides for suits to be brought in townships or counties wherein neither the plaintiff nor the defendant resides or can be found. It being conceded that plaintiff resides in Warren county, and that defendant is a foreign corporation, the suit could only be maintained under the second subdivision of section 3839, while the process could issue as provided in section 3838. Under no view of the two sections could the justice of the peace of Montgomery county have jurisdiction for the reasons: 1st, defendant does not reside in Bear Creek township, Montgomery county, or in any adjoining township in said county; 2d, plaintiff does not reside in said county or township, and the return shows that defendant was not found in said township or county. Hence, the jurisdiction cannot attach to the justice of Montgomery county. Our contention is that the action must be brought before some justice of the county wherein the plaintiff resides, and the defendant found, as pointed out by section 3838. The language of the section, "jurisdiction co-extensive with the county for which he shall be elected or appointed," confines the jurisdiction of the justice to those who reside in the "county for which he was elected or appointed," and gives him no jurisdiction or authority to render judgment for or against any one who does not so reside. It can not be said that the defendant was a non-resident of the State, for the company was present in this State in the person of the Superintendent of Insurance (43 Mo. App. 575), hence the 4th subdivision of section 3839 has no application. Neither can it be urged that the defendant was a non-resident of the county where the plaintiff resides, for its presence in this State, through the Superintendent of Insurance, makes it a resident of every county in this State, hence the 3d subdivision of section 3839 cannot apply. If this position is correct, then the jurisdiction

is governed by the 2d subdivision of section 3839,— "wherein the plaintiff resides" "and the defendant may be found."

*E. Rosenberger & Son* for respondent.

(1) Defendant being a foreign insurance company it is a resident of every county in the State for the purpose of being sued, no matter in what county the plaintiff may reside. The law applying to railroad companies, that they can be sued in any county through which the road passes, without regard to plaintiff's residence, equally applies here. Furthermore sections 3838 and 7991, Revised Statutes 1899, give any justice jurisdiction. (2) Admitting, for argument's sake, that there was a defect in obtaining jurisdiction over the person of the defendant, was it not cured when the defendant appeared before the justice and filed its motion to dismiss, without any qualification? While we admit that the justice had no jurisdiction to set the judgment by default aside, yet the defendant entered its appearance by filing the said motion, and after that it was in court for all purposes. Fitterling v. Railroad, 79 Mo. 504. (3) By taking the appeal all defects in obtaining jurisdiction over the person of the defendant are waived and the defendant is in court for all purposes. Witting v. Railroad, 101 Mo. 631; Fitzpatrick v. Railroad, 34 Mo. App. 280; Rice v. Railroad, 30 Mo. App. 110; Eubank v. Pope, 27 Mo. App. 463. (4) When the defendant filed its motion requiring the appellee to give security for costs, it subjected itself to the jurisdiction of the court for all purposes. Sec. 1544, R. S. 1899; Button v. Railroad, 51 Mo. 153; Jackson v. Dummitt, 62 Mo. App. 426.

MARSHALL, J.—This is an action for fifty dollars damages for conversion of a heifer. The plaintiff was then and is now a resident of Warren county, and

the defendant is and was a foreign insurance company licensed to do business in this State. The suit was begun before a justice of the peace, in Montgomery county, and a summons was issued to the constable of Jefferson township in Cole county, and was served by him by delivering a copy thereof to the Superintendent of the Insurance Department of the State (whose residence and office was then in Cole county), as provided by sections 3838 and 7991, Revised Statutes 1899. Judgment, by default, was entered for the plaintiff by the justice. In due time thereafter the defendant filed a motion to set aside the default and to reinstate the case on the docket, on the grounds that the justice had no jurisdiction to hear, try and determine the cause, and that the judgment was void for want of jurisdiction in the court. The motion was overruled and the defendant appealed the cause to the circuit court. The defendant, limiting its appearance to that purpose, filed a motion in the circuit court to dismiss the cause on the ground that the circuit court had no jurisdiction to try, hear and determine the same and that the justice had acquired no jurisdiction of the cause. The motion was overruled, and exception saved. The defendant then filed a motion for security of costs, and upon this being overruled and exception saved, the defendant stood aside and let judgment go against it by default, and then, after proper steps, appealed to the St. Louis Court of Appeals. That court held that by taking an appeal from the justice of the peace to the circuit court the defendant had entered its appearance to the action, and as the action was transitory, the justice of the peace had jurisdiction of the subject-matter, and thus it had jurisdiction of both the subject-matter and of the person, and, therefore, the judgment of the circuit court was affirmed, but as that court was of the opinion that its decision was in conflict with the decision of the Kansas City Court of Appeals, in Trimble v. Elkin, 88 Mo. App. 229, the case was certified to this court, under sec-

tion 6 of the amendment of 1884 to the Constitution, and it is therefore here for determination as in cases of jurisdiction obtained by ordinary appellate process.

## I.

*Jurisdiction.*

The plaintiff resided in Warren county. The defendant is a foreign insurance company, licensed to do business in this State. The suit was begun in Montgomery county. The summons was served on the State Superintendent of Insurance in Cole county, as is authorized in such cases by sections 3838 and 7991, Revised Statutes 1899. The subject-matter was $50 damages for conversion of personal property, and a justice of the peace has jurisdiction of such cases. There is, therefore, no question as to the jurisdiction of the court over the subject-matter. The only question for determination is, as to the jurisdiction of the parties. The defendant is a foreign insurance company, and the summons was served upon it in exact conformity to the requirements and authority of sections 3838 and 7991, Revised Statutes 1899. The defendant was, therefore, properly brought into court in the first instance. The plaintiff resided in Warren county, and the suit was brought in Montgomery county, and it is insisted that for this reason the justice had no jurisdiction, and section 3839, Revised Statutes 1899, is relied on to support the contention. That section provides where suits before justices of the peace shall be brought, as follows: First, In the township where the defendants, or one of them resides, or in any adjoining township; second, where the plaintiff resides and the defendants, or one of them, may be found; third, if the defendant is a non-resident of the county in which the plaintiff resides, then before any justice of the county in which the plaintiff resides and the defendant may be found; fourth, if the defendant is a non-resident of the State, or has absconded from his usual place of abode, "the

action may be brought in any county in this State wherein the defendant may be found,'' etc.

This section of the statutes must be construed in connection with section 3838 which authorizes such companies to be sued in any county in this State. Within the meaning of these sections, a foreign insurance company is a resident of every county and township in the State. This being so, this suit was properly brought in a township wherein the defendant resided, in legal contemplation, as is required by the first provision of section 3839. This being the case, the fact that the plaintiff resided in Warren county and that the suit was brought in Montgomery county is wholly immaterial, for the first requisite of the law, that a defendant is primarily entitled to be sued, in transitory actions, in the county of his residence, and not in the county in which the plaintiff lives, is fully met and complied with.

It follows that the defendant in this case was lawfully brought into the court in the first place, that the justice of the peace had jurisdiction of both the subject-matter and of the parties, and therefore its judgment was not void.

This being true, the appeal by the defendant from the justice of the peace to the circuit court cuts no figure in the case. It is proper here to say, however, that under the present practice in this State a defendant can unite in the same pleading a plea to the jurisdiction, as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction of the court. [Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261; Young Men's Christian Assn. v. Dubach, 82 Mo. 1. c. 480; Cohn v. Lehman, 93 Mo. 1. c. 582; Christian v. Williams, 111 Mo. 1. c. 443; Nichols v. Stevens, 123 Mo. 1. c. 118; Ziefle v. Seid, 137 Mo. 1. c. 542; State ex inf. v. Vallins, 140 Mo. 1. c. 536; Kenner v. Doe Run Lead Co., 141 Mo. 1. c. 251.] Consent cannot confer jurisdiction of the subject-matter and that objection may be made

at any time during the progress of the case, or even afterwards if the record discloses such want of jurisdiction. But consent can confer jurisdiction of the person, and where a defendant fails to make timely objection to the jurisdiction as to his person, he waives that objection. Here, however, the defendant did make timely objection to such jurisdiction, both in the justice's court and in the circuit court, and the fact that when the justice ruled against him he took an appeal to the circuit court no more waived that objection than if it, or any defendant, had appeared to the action and pleaded to the jurisdiction and to the merits in the same answer. The same is true as to the filing of the motion for security for costs, after the circuit court had decided against him on his plea to the jurisdiction, and he had properly saved his exceptions.

The result reached by the St. Louis Court of Appeals was right, but the method employed to reach that result was erroneous. The learned judge who wrote that opinion overlooked the fact that he had himself previously held that under the Code a defendant must make all his defenses in the same answer, whether such defenses be such as have heretofore been denominated dilatory, in abatement, or in bar. [Ziefle v. Seid, 137 Mo. l. c. 542; Kenner v. Doe Run Lead Co., 141 Mo. l. c. 251.] And he has subsequently announced the same doctrine in Meyer v. Phoenix Insurance Co., 95 Mo. App. l. c. 726.

Finally as to the conflict between the opinion of the St. Louis Court of Appeals in this case and the decision of the Kansas City Court of Appeals in Trimble v. Elkin, 88 Mo. App. 229, it is only necessary to say that as herein pointed out the opinion of the St. Louis Court of Appeals in this case is erroneous in holding that by taking an appeal from the justice of the peace, after the justice had ruled against it on its plea to the jurisdiction, the defendant waived the plea to the jurisdiction, and that the defendant never waived that plea, but has

always properly made and preserved the question. And the decision of the Kansas City Court of Appeals in Trimble v. Elkin, 88 Mo. App. 236, was right in holding that, "Had he" (the defendant) "appeared at the trial, the justice having jurisdiction of the subject-matter, he would have waived jurisdiction over his person, unless he had objected for want of jurisdiction."

That case, however, was against an individual, whereas this case is against a foreign insurance company doing business in this State. An individual can reside in only one county at a time, whereas the statute makes a foreign insurance company a resident of every county in the State for the purposes of a suit against it. Therefore, there is no conflict between the decision of the Kansas City Court of Appeals in that case and the decision of this court in this case. There was a conflict between the decision of the St. Louis Court of Appeals in this case in holding that by appealing from the justice of the peace, the defendant waived (it is so held in effect though not in words) the plea to the jurisdiction, and the decision of the Kansas City Court of Appeals in the Trimble case, in which it was held that a general appearance in a case waived a want of jurisdiction over the person, "unless the defendant objected for want of jurisdiction." And the Kansas City Court of Appeals stated the rule correctly, whereas the St. Louis Court of Appeals overlooked the rule in this State that a defendant can appear and plead in abatement and in bar at the same time and in the same plea.

The defendant pleaded in abatement here, and did not waive that plea at any time. But the plea was not tenable for the reasons hereinbefore given, and the defendant was properly in court. The judgment of the circuit court is, therefore, right, and it is affirmed. All concur, except *Robinson, J.,* absent.