WM. A. SMITH, Respondent, v. THE LYLE ROCK
COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1908.

1. **JUSTICES' COURT:** Jurisdiction: Intendment: Property
Rights: Personal Action: Appearance. Justices' courts are of
limited and inferior jurisdiction and there is no intendment
in their favor and their jurisdiction must appear on the face
of their proceedings, especially so where the property involved
fixes the jurisdiction, though such rule hardly applies where
the parties personally appear in an ordinary action.

2. **ACCOUNT:** Evidence: Jury. On the evidence the action of the
court in sending an account to the jury is approved.

3. ——: ——: **Engineer's Estimate.** *Held,* the evidence does
not sustain the defense that the engineer's estimate was con-
clusive of the parties' rights.

Appeal from Jackson Circuit Court.—*Hon. Herman
Brumback,* Judge.

AFFIRMED.

*Halbert H. McCluer, Omar E. Robinson* and *Wm.
B. Yoder* for appellant.

(1)   The justice did not have jurisdiction of this
case and, for that reason, the circuit court was also
without jurisdiction.   R. S. 1899, sec. 3839; Smith v.
Simpson, 80 Mo. 634; Gideon v. Hughes, 21 Mo. App.
529; Cunningham v. Railroad, 61 Mo. 36; Allen v.
Scharringhausen, 8 Mo. App. 229; Olin v. Zeigler, 46
Mo. App. 193; Marden v. Railroad, 78 Mo. App. 664;
Trimble & Fyfer v. Elkin, 88 Mo. App. 229; State ex rel.
v. Cunningham, 106 Mo. App. 59; Corrigan v. Morris,
43 Mo. App. 456; Bank v. Doak, 75 Mo. App. 332; Den-
nis v. Bailey, 104 Mo. App. 638.   (2)   The evidence
was not sufficient to entitle plaintiff to recover and the
court erred in refusing to instruct the jury to find the
issues in favor of the defendant as requested at the

end of plaintiff's evidence, and renewed at the end of all the evidence. McAvoy v. Long, 13 Ill. 147; Chapman v. Railroad, 114 Mo. 549, and cases cited; Williams v. Railroad, 112 Mo. 493; Kihlberg v. U. S., 97 U. S. 398; Elliott v. Railroad, 74 Fed. 707; Williams v. Railroad, 153 Mo. 546; Mackler v. Railroad, 62 Mo. App. 681.

*Aleshire & Gundlach* and *R. T. Herrick* for respondent.

(1)   The action was for labor performed in Kansas City, Missouri.   The court had jurisdiction of the subject matter.   Newcomb v. Railroad, 182 Mo. 707; Meyer v. Insurance Co., 95 Mo. App. 725; R. S. 1899, secs. 3836, 3839.   (2)   The evidence was sufficient. Wilson v. Wilson, 106 Mo. App. 506; Williams v. Railroad, 112 Mo. 491; Hayes v. Bunch, 91 Mo. App. 472.

ELLISON, J.—This is an action on an account and it was begun before a justice of the peace.   The judgment before the justice was for the plaintiff.   Defendant appealed to the circuit court where the plaintiff again had judgment.

Defendant insists that there is nothing on the face of the record presented to show that the justice had jurisdiction.   The particular point is that the residence of neither plaintiff nor defendant appears anywhere on the face of the proceedings.   The statute (section 3839, Revised Statutes 1899) reads that: "Every action recognizable before a justice of the peace shall be brought before some justice of the township, either: First, wherein the defendants, or one of them, resides, or in any adjoining township; or, second, wherein the plaintiff resides, and the defendants, or one of them, may be found; third, if the defendant is a non-resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; fourth,

if the defendant is a non-resident of the State, or has absconded from his usual place of abode, the action may be brought before any justice in any county in this State wherein defendant may be found; and, fifth, any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township."

It may be ascertained from the face of the record that the action was instituted in Kaw township in Jackson county, and that the justice was a justice for such township, and that defendant was found and served in that township. But nothing shows where plaintiff resided or where the defendant resided, or as to adjoining townships.

Ever since the case of State v. Metzger, 26 Mo. 65, it has been the ruling that justices' courts, being of limited and inferior jurisdiction not proceeding according to the course of common law, there was no intendment in their favor and that their jurisdiction must appear on the face of their proceedings. So it has been held in a great number of instances that since a justice had jurisdiction for injuries to stock by railroads in the township where the injury occurred or an adjoining township, it should appear on the face of the proceedings. And so where the statute provides where attachments shall be brought, the same thing is held. [State ex rel. v. Cunningham, 106 Mo. App. 58.] And the same in replevin. [Dennis v. Baily, 104 Mo. App. 638.] And in forcible entry and detainer. [Johnson v. Fischer, 56 Mo. App. 552.] But those were cases where the property involved fixed the jurisdiction and they are hardly applicable to the question when the parties personally appear in an ordinary action.

Plaintiff concedes the rule as we have stated it, concerning those cases where property of the kind men-

tioned in the statute is the subject of the action, but. contends that where the record in an ordinary action shows an appearance by the parties, the jurisdiction over the person is waived.    The case of Bohn v. Devlin, 28 Mo. 319, so holds, and it is cited with approval in Baisley v. Baisley, 113 Mo. 544.    By strong inference we think the same thing was shown to be the view of the court in Fare v. Gunter, 82 Mo. 522.    And so the law is stated to be by Judge BROADDUS in Trimble v. Elkin, 88 Mo. App. 236, in these. words:    "Had he appeared at the trial, the justice having jurisdiction of the subject-matter, he would have waived jurisdiction over his person, unless he had objected for want of jurisdiction."    That view was approved by the Supreme Court in Meyer v. Insurance Co., 184 Mo. 489.    The case of Smith v. Simpson, 80 Mo. 634, is not in harmony with these cases, but as Meyer v. Insurance Co. supra, is the later case, we accept it as the law.

On the merits of the case we can only say that the record shows it to be one peculiarly for the determination of a jury and it has been determined under proper direction from the court. Defendant did not ask to submit any issue, but seems to have rested on a demurrer to the evidence. It was properly overruled, since there was abundance of evidence, if believed, to justify the verdict.

The point is made that the amount of the work was to be determined by the estimate of a certain engineer, which was to conclude the parties.    The evidence does not establish a contract of that kind and the authorities cited on that character of case do not apply. We think the jury could reject that theory of case from the evidence of defendant alone.    No issue of that nature was offered to be submitted by defendant to the jury, and certainly no case was made out of such conclusive character as to justify a peremptory instruction.

What we have already written covers the material

part of the objections made to the court's rulings on the evidence. The instructions given for plaintiff were proper. We see no substantial ground for objection to number 2. If any restriction was desired, it was defendant's place to have asked one; but, as already stated, it did not ask any.

There is nothing to justify our interference, and hence we affirm the judgment. All concur.