T. J. CARDWELL, Respondent, v. J. D. CONNER et al., Appellants.

Springfield Court of Appeals, February 7, 1910.

1. APPELLATE PRACTICE: Defective Abstract: Not Cured by Typewritten Transcript. It is a mistake to suppose that filing a complete typewritten transcript of the record with the clerk of the appellate court dispenses with the necessity of filing a printed abstract thereof. Where the printed abstract filed by the appellant does not contain any of the evidence or instructions or exceptions, only the record proper can be reviewed.

2. JUSTICES' COURTS: Jurisdiction: Conversion. In a suit before a justice of the peace for conversion of a hog, the jurisdiction of the justice does not depend upon the conversion having taken place in the township of the justice or an adjoining township.

3. ———: ———: Jurisdiction of Parties Waived by Appearance. Where the defendants appeared at the trial and without objections submitted the cause on the merits, and the justice had jurisdiction of the subject-matter, the question of jurisdiction of the parties was waived. .

4. ———: Sufficiency of Statement: Conversion. The statement filed before the justice of the peace need merely be definite enough to fairly inform the defendant of the nature of plain-

tiff's demand, and to furnish a sufficient basis for a plea of adjudication in the event of a final judgment. Statement in this case, a suit for conversion of a hog, examined and found sufficient.

Appeal from Taney Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*Price & Ford* for appellants.

(1) The motion to dismiss the cause of action should have been sustained as it does not affirmatively appear that the conversion, if any, was in Swan township, or in an adjoining township, or even in Taney county. Therefore the justice had no jurisdiction. Warden v. Railroad, 78 Mo. App. 664; Bank v. Doak, 75 Mo. App. 332; Biggs v. Railroad, 111 Mo. 168; Gideon v. Hughes, 21 Mo. App. 528; Haggard v. Railroad, 63 Mo. 302; Pier v. Heinrichoffen, 52 Mo. 333. (2) The court should have sustained defendant's motion to dismiss because the statement is insufficient. Nutter v. Houston, 32 Mo. App. 451; Butts v. Phelps, 79 Mo. 302; Watkins v. Donnelly, 88 Mo. 322; Rosenburg v. Boyd, 14 Mo. App. 429; Weese v. Brown, 28 Mo. App. 521; Hill v. Steel Co., 90 Mo. 103.

*D. F. McConkey* for respondent.

Defendants assign as error the admission and exclusion of evidence, but nowhere in their printed abstract do they set out, or even attempt to set out, any of the evidence, either in narrative form or otherwise, and the appellate court will not, in violation of its own rules, go to the transcript sent up by the clerk, and from that search out the evidence complained of, but will leave such evidence unreviewed, and assume that the same was properly admitted, and affirm the judgment. Court Rules Nos. 15 and 21; Bond v. Cannon, 118 Mo.

595, 24 S. W. 434; Herrmann v. Daily, 74 Mo. App. 505; Bowlin v. Creel, 63 Mo. App. 229; Grocery Co. v. May, 80 Mo. App. 300; Berry v. Rood, 168 Mo. 316, 67 S. W. 644; Goodson v. Railroad, 23 Mo. App. 76; Huff v. Henry, 57 Mo. App. 341; Irvine v. Kames, 58 Mo. App. 254; Zweigard v. Birdseye, 57 Mo. App. 462; Carpenter v. McDavitt, 66 Mo. App. 1; Epstein v. Clothing Co., 67 Mo. App. 221; Paul v. Threshing Machine Co., 87 Mo. App. 647; Clark v. Railroad, 93 Mo. App. 456, 67 S. W. 746; Lewis v. Slack, 27 Mo. App. 119; Elevator Co. v. Cleary, 56 Mo. App. 268; Glenn v. Weary, 66 Mo. App. 75; State ex rel. v. Fields, 82 Mo. App. 152; Smith v. Baer, 166 Mo. 392, 66 S. W. 166; Jackson v. Railroad, 85 Mo. App. 443; Coy v. Robinson, 20 Mo. App. 462; Long v. Long, 96 Mo. 180, 8 S. W. 766; Bank v. Iron Co., 97 Mo. 38, 10 S. W. 865; Carlisle v. Russell, 121 Mo. 465, 30 S. W. 118; Rattman Dist. Co. v. Drew, 75 Mo. App. 141; Clark v. Fairley, 100 Mo. 236, 13 S. W. 686; Ogelbay v. College of Dental Surgery, 71 Mo. App. 339.

GRAY, J.—On the 4th day of June, 1906, this suit was commenced before J. A. Thomas, a justice of the peace of Swan township, in Taney county, upon the following cause of action:

"State of Missouri, County of Taney—ss.

"Thomas Cardwell v. J. D. Conner and J. M. Conner.

"The defendants debtors to the plaintiff in the sum of $20.00, being the amount asked for one male hog driven off and shipped by the defendants on or about May 3d, 1906.

"T. J. CARDWELL.

"Subscribed and sworn to before me this, the 3d day of May, 1906.

"J. A. THOMAS, J. P."

The return of the constable shows that the defendants were served with process on the 6th day of June,

Cardwell v. Conner.

1906. Both parties appeared in person and by counsel at the trial before the justice, which took place on the 23rd day of June, 1906, resulting in a verdict in favor of the plaintiff, for the sum of $10.

The defendants appealed to the circuit court, and the cause was tried therein on the 26th day of April, 1907, before a jury, again resulting in a verdict in favor of the plaintiff for the sum of $10. After an unsuccessful effort to obtain a new trial on motion duly filed, the defendants appealed to this court.

The abstract of the record, printed and filed by the appellant, does not contain any of the evidence heard in the trial court, nor any of the instructions given or refused. It is a mistake to suppose that filing a complete transcript of the record with the clerk of this court, dispenses with the necessity of filing a printed abstract thereof. [Whiting v. Lead Co., 195 Mo. 509, 92 S. W. 883; Fischer v. Mayor of Liberty, 112 Mo. App. 686, 87 S. W. 601.]

Not only the rules of this and of the the other appellate courts of this State require printed abstracts, notwithstanding the filing of a complete transcript of the record with the clerk, but the statute also requires the same to be done. [Sec. 813, Revised Statutes 1899; Whiting v. Lead Co., *supra*, and cases therein cited.]

For the reasons above given, no exceptions taken at the trial, are before us. Our consideration, therefore, of the case is confined to the record proper. It is claimed because the record does not affirmatively show that the conversion, if any, was in Swan township, or in an adjoining township, Justice Thomas was without jurisdiction to try the case, and the following authorities are cited in support thereof: Warden v. Railroad, 78 Mo. App. 664; Bank v. Doak, 75 Mo. App. 332; Briggs v. Railroad, 111 Mo. 168, 20 S. W. 32.

Bank v. Doak, was a case in attachment, and our

statute requires an action in attachment shall be commenced before a justice of the peace of the township wherein the property of the defendant may be found, or in an adjoining township, or in the township wherein the defendant resides, or in any adjoining township. An action by attachment is not a transitory action.

The other two cases above cited were actions against railroads to recover damages for killing stock, and the statute has definitely provided that such action shall be brought before a justice of the peace of the township in which the injury happened, or in an adjoining township.

It will be noticed that all of said cases were suits where the property involved fixed the jurisdiction, and are not applicable to the question where the parties appear to an ordinary action. [Smith v. Rock Co., 132 Mo. App 297, 111 S. W. 831.] The defendant appeared at the trial, and without objection, submitted the cause on the merits, and the justice having jurisdiction of the subject-matter, the question of jurisdiction was waived. [Trimble v. Elkin, 88 Mo. App. 236; Smith v. Rock Co., 132 Mo. App. 297, 111 S. W. 831; Meyer v. Ins. Co., 184 Mo. 489, 83 S. W. 479; Grimm v. Land & Investment Co., 55 Mo. App. 457.]

The statement filed before a justice of the peace need merely be definite enough to fairly inform the defendants of the nature of plaintiff's demand, and to furnish a sufficient basis for a plea of adjudication in event a final judgment be rendered. [Weese v. Brown, 102 Mo. 299, 14 S. W. 945.] The statement in the present case comes up to the standard indicated and is sufficient.

We have examined the points that are before us for review, and finding nothing to justify a reversal of the judgment it will be affirmed. All concur.