### KING v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads:** FENCES: NEGLIGENCE. Where a railroad company has once erected fences along the sides of its road, as required by law, it is only liable for negligent failure to maintain them, and is entitled to a reasonable time in which to make repairs, after having knowledge of a defect therein, or after that period has elapsed, in which, by the exercise of reasonable diligence, it could have had knowledge of such defect.

2. ———: KILLING STOCK: JURISDICTION. In an action commenced before a justice of the peace, against a railroad company, for double damages for killing stock, the evidence must show that the stock were killed in the township in which the suit was brought, or in an adjoining one.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

*M. A. Low* for appellant.

(1) The court erred in refusing to instruct the jury to return a verdict for the defendant: First, because the evidence was insufficient to show that this animal escaped upon the track by reason of any defect, or insufficiency in the fence maintained by the railroad company; second, because there was no evidence that the animal was killed in Bloomington township. *Rohland v. Railroad,* 1 S. W. Rep. 147; *Roberts v. Railroad,* 2 S. W. Rep. 550; *Ellis v. Railroad,* 83 Mo. 372. (2) It was error to give the first instruction asked by the plaintiff, for the reason that there was no evidence tending to show that plaintiff's mare was killed in Bloomington township; and for the same reason, plaintiff's

motion for new trial and in arrest of judgment should have been sustained.

*A. H. Vories* for respondent.

RAY, J.—This action was commenced April 16, 1879, before a justice of the peace in Bloomington township, Buchanan county, to recover double damages under the statute for killing or injuring two mules and one mare, the property of plaintiff. Plaintiff recovered judgment for double the value thereof before the justice and defendant appealed to the circuit court, where plaintiff filed an amended statement. The case was dismissed, as to the mules, and on a trial of the cause anew, in the circuit court, at the September term, 1880, plaintiff recovered a judgment for double the value of the mare, from which defendant has appealed to this court.

The stock was injured during the night, and there were no witnesses to the occurrence. The two mules were found in the public crossing, the next morning, and the mare inside the cattle guards, and near thereto, on the right of way. The fence was built, for the company, by the plaintiff, about a year before this, and seems to have been such a fence as was required by the statute. There is evidence that the top plank had been off, at two different places in the fence, for some time, but plaintiff's own evidence, and that of other witnesses in his behalf, indicated pretty clearly, we think, that the stock got in, or broke in, through a fresh break in the fence, made during the night. The plaintiff says he does not know where the stock got on the track, as it was done in the night, but he further says, "at this new break, which showed it had just been made, there was found to be horse-hair upon the splinters of the broken plank and tracks all along, between this break and the railroad." To the same effect, is the testimony of the witness, Clay Dunlap, who further testified he was

along the railroad the day before, and that there was no break in the fence where this fresh break was found. He also says, "we examined carefully, and the stock did not get upon the railroad track at the place where the boards had been off before the night of the accident."

If this is so, the case would be thus brought within the rule declared in *Clardy v. Railroad*, 73 Mo. 577, which is, that after the fences have once been erected as required by law, the company is only liable for a negligent failure to maintain such fences, and is entitled to a reasonable time in which to make repairs. But, waiving this view of the case, the judgment must, we think, be reversed for another reason. We have attentively · read the entire evidence in the record, and we fail to find therein any proof whatever, that the injury occurred, either in Bloomington township, as charged in the amended statement, or in any adjoining township. For this reason, the instruction in the nature of a demurrer to the evidence, asked by the defendant, should have been given. *Mitchell v. Railroad*, 82 Mo. 106.

Judgment reversed and cause remanded, in which all concur, except Brace, J., absent.