CHARLES GELTZ, Respondent, v. ST. LOUIS AND SAN
FRANCISCO RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Railroads**: FRIGHTENING HORSES: FAILURE OF PROOF. In an
action under the act of March 31, 1885, for frightening plaintiff's
horses and running them into a trestle on defendant's track, where
there is a total lack of proof in the record that the horses strayed
upon the track or were injured in the township in which the suit
was brought, there can be no recovery, as such facts are jurisdic-
tional and must appear of record.

2. ———: ———: INSTRUCTION AS TO ENTRY ON TRACK. In such
case it is error for the trial court to instruct the jury that it was
sufficient for the plaintiff to show that the horses strayed on the
track at any place.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

*E. D. Kenna* and *E. C. O'Day,* for the appellant.

(1) Defendant's instruction numbered 1 in the nature of a demurrer to plaintiff's evidence should have been given, and it was error to refuse it. *State v. Metzger,* 26 Mo. 65; *Wright v. Railroad,* 25 Mo. App. 236; *Palmer v. Railroad,* 21 Mo. App. 437; *Backenstoe v. Railroad,* 23 Mo. App. 148; *Roberts v. Railroad,* 19 Mo. App. 649; *Mitchell v. Railroad,* 82 Mo. 106; *Backenstoe v. Railroad,* 86 Mo. 492; *King v. Railroad,* 90 Mo. 520. (2) The court erred in giving the declaration of law for plaintiff of its own motion. (3) The court should have found the issues for defendant, as the evidence disclosed no liability on the part of defendant. There was a total failure of proof, and the court should have rendered a verdict for the defendant. *Link v. Vaughn,* 17 Mo. 582; *Edwards v. Gibony,* 51 Mo. 129; *Hains v. Railroad,* 41 Iowa, 227; *Robertson v. Railroad,* 64 Mo. 412; *Swearingen v. Railroad,* 64 Mo. 73; *Lloyd v. Railroad,* 49 Mo. 199; *Railroad v. Kinney,* 8 Ind. 402; *Railroad v. Oestel,* 20 Ind. 231.

SMITH, P. J.—This was a suit brought before a justice of the peace of Galena township in Jasper county, under the provisions of the act of March 31, 1885 (Sess. Acts, 1885, p. 92), to recover damages for injuries alleged to have been sustained by reason of the plaintiff's horses having been frightened by one of the defendant's passing trains of cars and run into a trestle on its railway track.

At a trial *de novo* on appeal to the circuit court the plaintiff recovered judgment from which this appeal was taken here.

I.   The complaint is here made by the appealing defendant that the circuit court erred in refusing to give an instruction asked by it in the nature of a demurrer to the plaintiff's evidence.   We think this complaint is well founded.

After a careful examination of the evidence preserved in the bill of exceptions we find there is a total lack of proof that the plaintiff's horses strayed upon the defendant's railway track or that they were injured in Galena township, the township in which the suit was brought.   Revised Statutes, section 2839.   Indeed the evidence fails utterly to disclose in what township the plaintiff's horses strayed upon the defendant's railway track.   This was a jurisdictional fact and should affirmatively appear of record, else there could be no recovery. *Jewett v. Railroad*, *ante*, p. 48; *Wright v. Railroad*, 25 Mo. App. 236; *King v. Railroad*, 90 Mo. 520; *Backenstoe v. Railroad*, 86 Mo. 492; *Mitchell v. Railroad*, 82 Mo. 106.

II.   As this case will be reversed and remanded it is proper to suggest that the instruction given by the court upon its own motion is somewhat faulty in declaring that it was sufficient as to the *locus in quo* to authorize a verdict, for the plaintiff to prove that his horses strayed on the defendant's railway track at *any place*.

There can be no recovery in such case unless the entry upon the defendant's railway track occurred at a place within the township named in the complaint where the defendant's roadway was not inclosed on both sides by a good fence as required by law.   This requirement, as we have seen by the authorities just cited, is now a well-established rule of practice in this state, and cannot be disregarded.

The judgment is reversed and the cause remanded. All concur.