J. J. WILLIAMS *et al.*, Appellants, v. D. O. SANDERS,
Respondent.

### St. Louis Court of Appeals, March 9, 1897.

Pleading: JUSTICE'S COURT: AMENDMENT CHANGING CAUSE OF ACTION:
APPEAL: WAIVER.    An amendment to a complaint filed before a jus-
tice changing the cause of action, was an abandonment of the original
complaint, but by appearing and voluntarily going to trial before the
justice on the amended complaint, defendant waived his right to ob-
ject to the amendment in the circuit court, on appeal.

*Appeal from the Christian Circuit Court.*—HON. J. T.
NEVILLE, Judge.

REVERSED *(with directions).*

*W. T. Lamkin, W. P. Sullivan,* and *Watson &
Pepperdine* for appellants.

However imperfectly a cause of action may be
stated in a justice's court, it may be amended in that
court, or on appeal in the circuit court. *Lustig v. Co-
hen,* 44 Mo. App. 271; *Land Co. v. Jeffries,* 40 *Id.* 360.

The amended statement filed in the justice's court
is only an amplification of the original statement, and
not a change of the cause of action. *Simms v. Field,*
24 Mo. App. 557; *Eubank v. Pope,* 27 *Id.* 463.

The allegation of other grounds of recovery, and
matters of damage, might have been stricken out, and
still the original cause be left. R. S. 1889, sec. 2057.

A party may file a second or third amended peti-
tion if necessary. R. S. 1889, secs. 2066, 2067, 2068.

But if, as claimed, plaintiff's amended petition did
state a different cause of action, defendant, by appear-
ing and going to trial before the justice on the amend-
ment, waived his right to object to it, and the circuit
court should have tried the same action tried before the

justice.   *Hurley v. R'y*, 57 Mo. App. 675; *Spurlock v. R'y*, 93 Mo. 530; *Simms v. Field, supra*.

*Brown & Mooneyham* and *Gideon & Gideon* for respondent.

The same cause of action is required to be tried on appeal that was tried in the justice's court, and as the amended statement on which the case was tried there had been stricken out, the original statement could not be amended.   R. S. 1889, sec. 6345.

When plaintiffs filed an amended statement in the justice's court changing the cause of action, they abandoned their original statement.   *Renfro v. Prior*, 22 Mo. App. 403; *Alexander v. Lupe*, 11 *Id*. 597; *Cockrill v. Stafford*, 102 Mo. 57, 70.

When plaintiffs filed their amended statement in the justice's court, they changed their cause of action, adding new items requiring different proof, which could not be done, and the court did not err in striking it out, and after stricken out it could not be amended again. *Lumpkin v. Collier*, 69 Mo. 170; *Parker v. Rodes*, 79 *Id*. 88; *Sturgis v. Botts*, 24 Mo. App. 282; *O'Riley v. Diss*, 48 *Id*. 62; *Heman v. Glann*, 129 Mo. 325.

A judgment can not be upheld on an amended petition, stating a new cause of action.   *Barnes v. Prewitt*, 28 Mo. App. 163.

BLAND, P. J.—Appellants filed before James O. Williams, a justice of the peace of Christian county, the following statement for suit:

"J. J. Williams and W. W. Williams, Plaintiffs.

v.

D. O. Sanders, Defendant.

Before J. J. Williams, justice of the peace of Polk township.

"D. O. Sanders, dr. to J. J. and W. D. Williams, for 6 $\frac{26}{100}$ acres of corn at $15 per acre, which was

VOL. 69 app—39

bought and paid for about September, 1894, by the said plaintiffs and not delivered by said defendant. Amount $103.75, for which plaintiffs ask judgment, together with costs of said suit.''

On the return day of the summons, January 22, 1896, plaintiffs filed before the justice the following amended statement:

"Plaintiffs, J. J. Williams and W. D. Williams, for their cause of action state that on or about September 5, 1894, they, the said plaintiffs, bought of said defendant a certain field of standing corn on the farm of said defendant in Polk township, Christian county, Missouri, at the price and for the sum of $15 per acre, which field of corn was represented by said defendants to contain twenty-five acres after deducting two acres for waste. Said defendant falsely and fraudulently represented to said plaintiffs that said ground had been measured, and that there were twenty-five acres of said corn, which statement and representation defendant well knew to be false, after making said deduction aforesaid; and said plaintiffs believing and relying on said false representations and fraudulent statement made by said defendant to said plaintiffs to be true, paid to said defendant the agreed price and sum of $15 per acre for twenty-five acres, of which sum plaintiffs paid defendant $25 in cash at the said time said contract was made, and gave a promissory note for the sum of $350, due twelve months after date, bearing interest at the rate of eight per cent from date. After the above transaction plaintiffs, believing there was not twenty-five acres of said corn, wanted said defendant to measure said corn ground, but said defendant refused, saying he would not 'have a d—n thing to do with it.' ''

And thereafter said plaintiffs had said ground measured by the county surveyor, which measurement

showed that there were eighteen and seventy-four hundredths acres, making six and twenty-six hundredths acres less than the amount bought and paid for by said plaintiffs, and said defendant, to further carry into effect his purpose and designs, indorsed said note before it was due, without recourse, thus placing the same out of the reach of said plaintiffs' defense against said note, and as the result of said transfer of said note said plaintiffs had judgment obtained against them in the justice's court of Lawrence county, Missouri, for the full amount of said note by an innocent purchaser, which sum, with costs, has been paid by said plaintiffs and settlement of this difference refused by defendant.

Therefore, plaintiffs ask judgment for damages in the sum of $103.75, the price of six and twenty-six hundredths acres of corn, at the said price of $15 per acre, the difference between the amount represented and sold by defendant and paid for by plaintiffs; or the difference between twenty-five acres paid for by said plaintiffs and the true number of acres of said corn, by actual measurement, which was eighteen and seventy-six hundredths acres.

And plaintiffs further state that by and in consideration of the above fraud and deceit they are further damaged as follows: Cost in suit on said note in hands of third parties, $7.05, and costs for surveying land aforesaid, $8.50, and for loss of time as the direct result of the above false representations, $25, making a total of the six and twenty-six hundredths acres of

Corn aforesaid at $15.00 per acre ...................... ........ .....$103.75
Cost in suit aforesaid.. ...................... ...................... 7.05
Cost of survey aforesaid ........... .......................... 8.50
Loss of time and trouble aforesaid....................... ... 25.00

Total.......... ...... ........ ...................... $144.30

Both parties appeared and a trial was had before the justice on the amended complaint resulting in a

verdict and judgment for the plaintiffs, from which the defendant appealed to the circuit court, where the amended complaint filed before the justice, on motion of defendant was stricken out for the reason (as stated) it changed the cause of action as originally filed before the justice. Plaintiffs thereupon, by leave of court, filed an amended petition, in words and figures as follows:

"Plaintiffs for their amended petition state that on September 5, 1894, they bought of defendant the corn then standing in a certain field, on the farm of defendant in' Polk township, Christian county, Missouri, at the agreed price of $15 per acre; that defendant falsely and fraudulently represented to plaintiffs that said field of corn so bought by plaintiffs contained twenty-five acres of corn, then and there standing allowing two acres for waste, when in truth and in fact there was then and there only eighteen and seventy-four hundredths acres of corn standing in said field; that relying on said false and fraudulent representations of defendant, then and there made and which defendant then and there knew to be untrue and false, the plaintiffs paid defendant for twenty-five acres of corn at $15 per acre, making the sum of $375, when in fact they received from defendant only eighteen and seventy-four hundredths acres of corn.

"Whereupon plaintiff prays judgment of and against defendant for the price of six and twenty-six hundredths acres of corn at $15 per acre, amounting with interest to the sum of $103.75, which sum defendant had and received of plaintiff and demand being made, failed and refused to pay to plaintiffs."

Defendant filed his motion to strike out the amended petition, on the ground that it was an attempt to amend an abandoned pleading, and because, if allowed to amend their original petition in the jus-

tice's court, the same cause of action tried in the justice's court could not be tried in the circuit court. This motion was sustained, and the second amended petition was stricken out, and plaintiffs refusing to plead further, the cause was dismissed at the cost of plaintiffs, from which judgment of dismissal plaintiffs perfected their appeal to this court.

The original complaint was for the value of corn bought and paid for by plaintiffs of defendant, but which the defendant failed to deliver.

JUSTICE'S court: amendment changing cause of action: appeal: waiver.

The amended complaint, filed by plaintiffs before the justice was for damages occasioned by fraud and deceit practiced by defendant in the sale by him of a field of corn to the plaintiffs. This was a substantial,—a radical change, of the cause of action and an abandonment of the original cause filed before the justice.' The defendant, however, without objection to this change, appeared before the justice and went to trial before a jury, made his defense to the cause of action stated in the amended complaint, and appealed from the judgment rendered thereon against him. The justice had jurisdiction of the new cause of action stated in the amended complaint, and the defendant by appearing and voluntarily going to trial, waived his right to object to the amendment although it was a departure from the original cause of action. *Hurley v. R. R.*, 57 Mo. App. 675; *Sims v. Field*, 24 Mo. App. 557; *Spurlock v. R'y*, 93 Mo. 531. The case tried before the justice was on the amended petition. It was this case, as stated in the amended petition, that was appealed to the circuit court.

The bill of exceptions fails to show that the plaintiff saved any exceptions to the ruling of the court in striking out this petition, but does show that plaintiff duly excepted to the action of the court in striking out

the amended petition filed by leave of court and to the order dismissing their appeal. The judgment will be reversed, with directions that the cause be redocketed and reinstated upon the amended petition filed in the circuit court. All concur.