ANTON BOEKER, etc., Respondent, v. CRESCENT BELTING & PACKING COMPANY, Appellant.

St. Louis Court of Appeals, April 28, 1903.

1. **Justice of the Peace:** WARRANTY, SUIT TO ENFORCE: DEPARTURE. Plaintiff amended his original complaint, and many allegations in them were common to both. The evidence in support thereof, would have been substantially the same, and the judgment also would have been the same on each petition. *Held,* that there was no departure.

2. ———: AMENDED COMPLAINT: TRIAL: APPEAL. If a defendant in a justice's court proceeds to trial on an amended complaint, he can not on appeal urge in the circuit court, that the amended complaint departed from the original.

3. ——: PURCHASING CONTRACT: RESCISSION THEREOF. After having received a consignment of rubber tires sold by sample, the purchaser used about one hundred pieces, when, finding them defective, he removed those used, procured the return of those shipped, placed all in the original packages, and notified the seller's agent. The seller sent a representative, who admitted that the goods were unfit for use, and directed the purchaser to pack and hold them. *Held*, to constitute a sufficient rescission.

## Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

### STATEMENT.

Respondent was engaged under the name of the American Rattan Works in the business of manufacturing children's carts and baby carriages in the city of St. Louis. The appellant, a corporation in the State of New Jersey, manufactured rubber goods, including material for tires for such vehicles. Appellant's agent, W. R. Colcord, requested respondent to permit him to submit samples of rubber tires manufactured by it, and its prices therefor, and in March, 1900, such samples were exhibited to respondent and an order given for a trial lot, which was delivered in April thereafter, and proving satisfactory an order was given appellant through its agent, Colcord, for the goods involved in this controversy. These goods arrived in May in six consignments and were stored without breaking bulk immediately, as upon their arrival respondent had open cases of similar goods which he wished to consume before using appellant's consignments. On June 5th, respondent sent appellant in payment a negotiable note at thirty days to order of appellant, for $574.38. Thereafter when the goods received were opened and their use in manufacture had begun, after about one hundred pieces, of the value of $15, had been installed on wheels, the rubber was found defective, poor in quality and inferior to the sample trial lot. Thereupon these tires

were removed, those shipped returned, and all were placed in the packages in which they had been received.

Upon the discovery of the quality of the tires, Colcord, through whom they had been purchased, was notified by telephone, and in turn notified appellant, which sent a representative, C. A. Bullock, who stated to respondent that he saw the goods were not fit to use, that appellant's superintendent had changed the compound, and directed respondent to pack and hold the goods until Bullock returned to the factory, when he would send shipping directions and refund the money paid for them. In the meantime the note given in purchase of the goods, had been negotiated, matured and was paid by respondent. After awaiting advices from the appellant, as Bullock had promised, respondent wrote appellant requesting it to take back the goods, which appellant peremptorily refused, and this action was brought before a justice of the peace.

An amended petition was filed by plaintiff, a trial had thereon, and from the judgment of the justice of the peace in favor of plaintiff, defendant appealed to the circuit court, city of St. Louis, where, upon retrial before a jury, a verdict was rendered in favor of plaintiff for $500.

*Seddon & Blair* and *George T. Weitzel* for appellant.

(1) The original petition is based on an entirely different cause of action than that stated in the amended petition; this is clearly inconsistent pleading. Furthermore, the original petition declares on a warranty while the amended petition is founded on an action for money had and received; this is clearly a departure. Enterprise Soap Wks. v. Sayers, 51 Mo. App. 310; Parker v. Rodes, 79 Mo. 88; Pruett v. Warren, 71 Mo. App. 84. (2) The plaintiff did not make out a case sufficient to go to the jury, and the defendant's demurrer to the evi-

dence should have been sustained. The testimony introduced by plaintiff proved the receipt by him of six shipments during the month of May, 1900, amounting to $574.38, for which he gave his note in the same amount in payment. There was no evidence of any rescission of the contract on the part of the plaintiff or any evidence showing his right to rescind; he could not place the parties in *statu quo*. Tower v. Pauley, 51 Mo. App. 75; Estes v. Reynolds, 75 Mo. 563; Kerr v. Emerson, 64 Mo. App. 160; Melton v. Smith, 65 Mo. 315; Girard v. St. Louis Car Co., 123 Mo. 385.

*C. H. Kern* for respondent.

Appellant having permitted respondent to file an amended petition and having gone to trial on the merits of the amended petition has waived any right to object either in the circuit court on appeal or in this court. His proper course would be to make timely objection and stand on his objection. Williams v. Sanders, 69 Mo. App. 613; Hill v. Morris, 21 Mo. App. 258; Scoville v. Glasner, 79 Mo. 454; Gelatt v. Ridge, 117 Mo. 562; (2) Where there is a sale by sample, the vendor warrants the goods to be equal to sample. Voss v. Maguire, 18 Mo. App. 481; Graff v. Foster, 67 Mo. 517; Long v. J. K. Armsby Co., 43 Mo. App. 253; Hollander v. Koetter, 20 Mo. App. 79; Roth v. Wire Co., 94 Mo. App. 269.

REYBURN, J.—1. The appellant assigns as the first error complained of that there was a departure in the amended petition which was based on a cause of action different from that in the original complaint. Upon comparing the two pleadings both contain many allegations in common, and the cause of action in both is predicated upon the warranty of defendant and a breach thereof assigned in both. Applying the test established by a recent case, the same evidence would substantially have been required in support, and the same judgment rendered in the one as in the other, and there could have

been no departure. Grigsby v. Barton County, 169 Mo. 221. But while we are of the opinion that there was no substantial difference between the complaints, in any event the defendant would be precluded from urging such objection on appeal in the circuit court after going to trial before the justice on the amended complaint. Williams v. Sanders, 69 Mo. App. 608.

2. Appellant insists that its imperative instruction asked at the close of plaintiff's testimony should have been given, as there was no evidence of any rescission of the contract and in fact no right of rescission could be asserted, or exercised as plaintiff could not comply with the rule requiring the whole of the subject of the sale to be restored by the vendee, and thereby placed the vendor *in statu quo.*

The testimony of plaintiff would seem to fully respond to both requirements, as his proof tended to establish that the employment of appellant's goods in the manufacture of the vehicles was discontinued and ceased when their inferior quality was detected and all that had been used both on wheels still in plaintiff's premises, and that which had been shipped, was returned and all removed from the wheels and replaced in the cases in which the goods had been received, and a complete tender made.

The rescission of the contract as disclosed by the record appears complete in the interviews between respondent and Bullock, who was present to investigate and delegated by appellant to adjust the plaintiff's complaints. Upon a careful review no reversible error is revealed and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.