I. H. SEVERN, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Louis Court of Appeals, June 14, 1910.

1. RAILROADS: Killing Animal: Failure to Give Statutory Signals: Sufficiency of Evidence. In an action against a railroad company for the killing of a horse, owing to defendant's failure to give signals within eighty rods of a crossing, as required by section 1102, Revised Statutes 1899, it appeared that the animal was killed during the night, and a witness testified that he lived within fifty yards of the crossing where the horse was found dead the following morning; that he saw defendant's train approaching the crossing and saw in the light from the headlight a drove of horses crossing the track; and that he did not hear any signals. *Held*, that there was a sufficient prima facie showing that no signals were given.

2. ———: ———: Sufficiency of Evidence to Establish Collision. In an action against a railroad company for the killing of a horse, evidence that a drove of horses, of which plaintiff's horse was one, was seen crossing the track immediately in front of an approaching train, that hair of the same color as the horse's was seen on the track next morning, that the horse was lying about ten feet from the point where the hair was seen and about twenty feet from the crossing, in the direction which the train seen as the horses approached the track was going, and that it had an injury in its side, was sufficient to warrant a finding that it came to its death as a result of a collision with a train.

3. Evidence: Trial Practice: Connection between Collateral Facts and Principal Fact in Issue: Question for Jury. Where there is an obvious connection between the collateral facts proven and the particular fact in issue, the question is one for the jury.

4. JUSTICES' COURTS: Courts of Limited Jurisdiction: Jurisdiction Must Appear on Face of Record. A justice's court is of limited and inferior jurisdiction, does not proceed according to the course of the common law, generally speaking, and is confined strictly to the authority given it by statute, and hence the facts conferring jurisdiction must appear on the face of the record.

5. RAILROADS: Killing Animal: Justices' Courts: Jurisdiction: Venue. Under section 3839, which provides that an action

against a railroad company for the killing of an animal shall be brought before a justice in the township within which the injury happened, or in an adjoining township, it must be alleged in the petition that the injury occurred either in the township in which suit is brought, or in an adjoining township, and it devolves on plaintiff to prove such fact.

6. ——: ——: ——: ——: ——: Sufficiency of Evidence to Establish Action was Brought in Proper Township. In an action against a railroad company for killing an animal, instituted before a justice of the peace of Cooter township, evidence by one witness that he thought the place where the animal was killed was in Cooter township, but was not positive, and by another that he thought it was in Virginia township, but was not sure, there being no evidence these townships adjoined, was insufficient to establish that the animal was killed in Cooter or an adjoining township.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) The court erred in refusing to sustain the defendant's demurrer to the evidence. Shaw v. Railroad, 110 Mo. App. 561; Geltz v. Railroad, 38 Mo. App. 579; Briggs v. Railroad, 111 Mo. 168; King v. Railroad, 90 Mo. 520; Jewett v. Railroad, 38 Mo. App. 48; Backenstoe v. Railroad, 86 Mo. 492; Mitchell v. Railroad, 82 Mo. 106; Hansberger v. Railroad, 43 Mo. 196; Haggard v. Railroad, 63 Mo. 302; Sec. 3839, R. S. 1899. (2) The verdict is not supported by the evidence. The facts and circumstances relied on must constitute substantial evidence and pass beyond the pale of mere possibility or conjecture. Reed v. Railroad, 112 Mo. App. 581; Shore v. Bridge Co., 111 Mo. App. 278; Shaw v. Railroad, 110 Mo. App. 561; Geltz v. Railroad, 38 Mo. App. 579; Perkins v. Railroad, 103 Mo. 52; Yeager v. Railroad, 61 Mo. App. 594; Peffer v. Railroad, 98 Mo. App. 291; Peck v. Railroad, 31 Mo. App. 128. (3) The gist of the action is the negligence of the defendant in fail-

ing to ring the bell or sound the whistle, and the burden of proving such negligence is on the plaintiff. The mere fact of killing does not authorize a recovery. Brown v. Railroad, 33 Mo. 309; Smith v. Railroad, 47 Mo. App. 546; Wolf v. Smith, 9 L. R. A. (N. S.) 338.

*H. E. Doerner* for respondent.

NORTONI, J.—This is a suit for the value of a mare killed on defendant's railroad through its alleged negligence. Plaintiff recovered and defendant appeals.

The allegation of negligence in the petition relates to the failure of defendant to sound the whistle or ring the bell of its locomotive within eighty rods of a road crossing, as is required by section 1102, Revised Statutes 1899, section 1102, An. St. 1906.

It appears plaintiff's mare was killed by defendant's train while on a road crossing together with a number of other horses at Hall's switch in Pemiscot county and that the value of the animal was about $175, for which the jury awarded him a verdict.

The first argument advanced by defendant on appeal is to the effect that there is no evidence tending to prove the negligent act charged in the petition; that is to say, the evidence fails to sustain the allegation defendant's servants omitted to either sound the locomotive whistle or ring the bell when approaching the road crossing at a distance of eighty rods therefrom. Upon a perusal of all the testimony, we find sufficient on this question for the prima facie purposes of the case. Plaintiff's animal was killed at some time during the night. One of the witnesses for him testified that he resided within fifty yards of the road crossing where the mare was found dead the following morning; that although he had been asleep he awoke and was sitting on the side of his bed looking out through the window toward the railroad when defendant's north-bound passenger train approached, running at a considerable rate

of speed; that he noticed, in reflected light from the locomotive headlight, a drove of horses crossing the track on the road crossing immediately in front of the engine though he did not see the collision. Just prior thereto he had heard the horses "stomping" around at the point where the wagon road crosses the railroad. He also said that though he heard the train coming and saw it, he did not hear the engine bell ring and did not hear the train whistle before it got to this crossing. The plain inference from his testimony is that he was listening to the sound of the approaching train for a considerable distance before it came within eighty rods of the crossing and at no time heard either whistle or bell sounded. We regard this as a sufficient prima facie showing on this question for plaintiff, and defendant introduced no evidence whatever. [Stotler v. C. & A. R. Co., 200 Mo. 107, 98 S. W. 509.]

It is next argued the proof and the circumstances together are insufficient to support a finding that plaintiff's mare came to her death through a collision with the train. There is no merit whatever in this argument for the evidence of several witnesses forcefully refutes it. Besides it appearing the drove of horses, of which plaintiff's mare was one, was seen and heard upon the road crossing immediately in front of the approaching train, it is said the mare was found on the following morning about twenty feet from the crossing on the right of way with an injury and bruise in her side indicating a collision with some great force. It was an iron grey animal and there appeared to be iron grey horse hair on the railroad track about ten feet south of where the mare was discovered dead. This, of course, indicated the point at which the collision occurred. Furthermore, the train, which plaintiff's witness saw approaching immediately on the drove of horses and which he says omitted to whistle or ring the bell, was running at a considerable rate of speed to the northward and the mare was found about ten feet north of the point at

which the horse hair was discovered on the track, thus indicating it was a north-bound train that inflicted the injury for the mare had been precipitated from the point of collision in the direction the passing train was seen to be moving.

There is an obvious connection between the collateral facts proven and the particular fact in issue which renders the question one for the jury. [Shaw v. St. Louis, etc., R. Co., 110 Mo. App. 561, 567, 85 S. W. 611.] We regret to say, however, the judgment must be reversed and the cause remanded for the reason plaintiff wholly omitted to sustain the burden which the law casts upon him by showing the animal was killed either in the township in which the suit was instituted or in an adjoining township. This suit originated before a justice of the peace of Cooter township in Pemiscot county. Our statute, section 3839, Revised Statutes 1899, section 3839, An. St. 1906, which is the very source of the jurisdiction of the justice of the peace over the subject-matter of this and other actions against railroad companies for killing or injuring horses and other animals, provides that such suits shall be brought before a justice of the peace of the township in which the injury happened or in any adjoining township. There can be no doubt of the principle that the court of the justice of the peace is one of inferior and limited jurisdiction which does not proceed according to the course of the common law, generally speaking, and is confined strictly to the authority given by the statutes. On this ground it has ever been held that the facts conferring jurisdiction on such courts must appear on the face of the record somewhere to the end of affording the judgment that degree of conclusiveness which the law enjoins. Therefore, under this statute, it has frequently been decided it must be averred in the petition in suits against railroads for killing stock, that the collision occurred either in the township in which the suit was brought or in a township adjoining thereto. [Hans-

berger v. Pac. R. Co., 43 Mo. 196; Haggard v. Atl. & Pac. R. Co., 63 Mo. 302.] The matter as to where the animal was killed being a fact *in pais* upon which the jurisdiction of the justice depends, it has been many times decided under the same statute that besides averring the fact in his petition, it devolves upon plaintiff as well to prove the matter affirmatively to the end of showing jurisdiction over the subject-matter.

There are many cases in our reports in which judgments have been reversed and the cause remanded for no other reason than that plaintiff omitted to prove affirmatively the animal was injured or killed in the township wherein the suit was instituted before the justice or in a township adjoining thereto. Among the cases in point to this effect, see Mitchell v. Mo. Pac. R. Co., 82 Mo. 106; Backenstoe v. Wabash, etc., R. Co., 86 Mo. 492; King v. C. R. I., etc., R. Co., 90 Mo. 520, 3 S. W. 217; Briggs v. St. Louis & S. F. R. Co., 111 Mo. 168, 20 S. W. 32; Shaw v. St. Louis, Memphis, etc., R. Co., 110 Mo. App. 561, 85 S. W. 611; Jewett v. Kansas City, etc., R. Co., 38 Mo. App. 48; Geltz v. St. Louis & S. F. R. Co., 38 Mo. App. 579. It has been decided, too, that such fact must be proved pointedly or be rendered inferable from some other established fact in the case which clearly points the conclusion that the animal was killed in the township of the justice or in a township adjoining thereto. See Geltz v. St. L. & S. F. R. Co., 38 Mo. App. 579. In the case last mentioned, the proof was declared to be insufficient to afford a competent inference in support of the justice's jurisdiction by showing the animal was killed in a well-known incorporated town from which fact it was argued the township in which the animal was killed might be inferred or judicially known. See Backenstoe v. Wabash, etc., R. Co., 86 Mo. 492.

The present suit was instituted before a justice of the peace of Cooter township and it was averred in

the petition the animal was killed in that township, but the proof of this fact we believe to be insufficient in view of decisions of our Supreme Court on the question. It seems the witnesses spoke of Virginia township and Cooter township but there is nothing in the record to the effect that these townships were adjoining. Plaintiff and one other witness only gave testimony touching this question and that appears to be contradictory and uncertain. The only testimony from plaintiff's witness, Hopkins, in the record touching the question is as follows: "Think Hall's switch is in Virginia township, but am not sure." Plaintiff himself said, "Think Hall's switch is in Cooter township but am not positive." This is the entire evidence in the record as to this matter and it seems that neither plaintiff nor his witness was sufficiently informed with respect thereto to make a positive statement about it, for they both said as much in plain words. If the record disclosed that Virginia township and Cooter township adjoined, it might be said that a reasonable inference would go in aid of the verdict to the effect the animal was killed in Cooter township, as was thought by plaintiff or in Virginia township, as was thought by his witness. But as it does not appear that these townships were adjoining and each witness, besides hazarding no more than his mere belief on the question, asserted that he did not know, we regard the testimony insufficient for the purpose of showing the essential jurisdictional fact. In that view, the judgment should be reversed and the cause remanded. It is so ordered. All concur.