A. D. SWEZEA, Defendant in Error, v. W. E. JENKINS and J. H. HOLLOWAY, Plaintiffs in Error.

Springfield Court of Appeals, December 12, 1914.

1. **JUSTICES OF THE PEACE: Default Judgments: Appeal: Defective Service: Waiver: Appearance.** Since the taking of an appeal from a judgment by default from a justice of the peace court does not operate as a waiver of the matter of defective service and confer jurisdiction over the person, the filing on

appeal in the circuit court of a motion to dismiss the action would not be an appearance except for the purpose therein stated.

2. ———: ———: Questioning Jurisdiction of Subject-matter, Only. Where a motion to dismiss in circuit court questioned the jurisdiction of a justice of the peace who rendered the judgment only as to the subject-matter and not as to the person, and the subject-matter in question was that over which the justice had jurisdiction, the circuit court properly overruled the motion.

3. ———: Limited Jurisdiction: Must be Shown. A justice of the peace has only limited jurisdiction and jurisdiction assumed must be shown somewhere in his proceedings.

4. ———: Jurisdiction: Promissory Note: Evidence Consulted. In a suit on a promissory note, to decide whether or not a justice has jurisdiction, not only the face of the proceedings but the entire proceedings, including the evidence, may be consulted.

5. ———: ———: Record: Evidence Aliunde. On a writ of error to the circuit court, the record proper only was brought up, the jurisdiction of the person being questioned in a case appealed from a justice of the peace. The judgment will not be *held* void merely because the fact of the proceedings fails to show jurisdiction. Such jurisdiction my be shown by evidence *aliunde.*

Appeal from Carter County Circuit Court.—*Hon. W. N. Evans,* Judge.

Affirmed.

*Garry H. Yount* for plaintiffs in error.

(1) The record must show the jurisdiction of the subject-matter. Barnes v. Plessner, 121 Mo. App. 679; Grant v. Stubblefield, 138 Mo. App. 555; Severn v. Railroad, 149 Mo. App. 631. (2) Plaintiff must show that justice has jurisdiction. Tremble v. Elkin, 88 Mo. App. 229. (3) Jurisdiction is determined from the entire record in the case. Sappington v. Lenz, 53 Mo. App. 44; Trimble v. Elkin, 88 Mo. App. 229; Smith v. Rock Co., 132 Mo. App. 297. (4) Unless the fact of jurisdiction appears in the case, the lack thereof is inherent,

and appearances in justices' or circuit court does not waive it. Bank v. Doak, 75 Mo. App. 332; State v. Metzer, 26 Mo. 65; Cooper v. Barker, 33 Mo. App. 181; Corrington v. Morris, 43 Mo. App. 456; State ex rel. v. County Court, 66 Mo. App. 96; Beth v. Railway, 136 Mo. App. 234; Grant v. Stubblefield, 138 Mo. App. 555; Sanders v. Selleck, 165 Mo. App. 392.

No appearance for defendant in error.

FARRINGTON, J.—Plaintiff (defendant in error) commenced suit on a promissory note for $50 signed by defendants (plaintiffs in error) before a justice of the peace within and for Kelley township in Carter county. The summons was issued and placed in the hands of the constable of Kelley township for service. His return shows that he executed the writ by reading the same to and in the presence of the defendants "in Johnson township." The transcript of the justice shows that defendants failed to appear for trial, and a judgment was entered against them for $50.51. An appeal to the circuit court of Carter county was perfected by defendants, and when the case was reached on the docket there, the defendants filed a motion to dismiss the plaintiff's action because the justice "had no jurisdiction of the subject-matter" and because "the circuit court acquired no jurisdiction of the subject-matter on appeal." The motion was overruled; whereupon the circuit court proceeded with the cause, its judgment being that the appeal be dismissed for want of prosecution and that plaintiff recover of and from the defendants the sum of $54.15. Defendants sued out a writ of error and have brought here for our consideration only the foregoing proceedings, and ask that we set aside the judgment of the circuit court on the record proper. The evidence was not preserved by bill of exceptions and brought here.

The point made by plaintiffs in error is that the transcript filed in the circuit court does not show that

the justice had jurisdiction of this cause. They direct our attention to the fact that neither the transcript of the justice nor the record entries in the circuit court show the residence of any of the parties; nor does the fact anywhere appear that Johnson township adjoins Kelley township. They insist that since the justice court is one of limited jurisdiction, its transcript must affirmatively show jurisdiction of the cause, and that if it does not, as the jurisdiction of the circuit court on appeal from the justice is derivative, the action should be dismissed.

Since the last decision of the Supreme Court (Meyer v. Insurance Co., 184 Mo. 481, 83 S. W. 479) holds that the taking of an appeal from a judgment by default in a justice's court by a defendant to the circuit court does not operate as a waiver of the matter of defective service and confer jurisdiction over the person, the filing of the motion in the circuit court would not be an appearance except for the purpose therein stated. [Handlan-Buck Manufacturing Co. v. Railroad, 167 Mo. App. 683, 151 S. W. 171.]

Now the motion filed in the circuit court by defendants asking that plaintiff's action be dismissed questions the jurisdiction of the justice over the "subject-matter," saying nothing as to jurisdiction of the person. The circuit court, therefore, had sufficient ground for overruling the motion because the "subject-matter" of the suit was a promissory note for $50, over which the justice of course had jurisdiction; and this would be sufficient ground upon which to dispose of the writ of error. [State ex rel. Pacific Mut. L. Ins. Co. v. Grimm, 239 Mo. l. c. 177, 143 S. W. 483.]

The plaintiffs in error, however, are in no better shape to insist on the point here had their motion been directed to the jurisdiction as to the person. All the decisions evidence the general proposition that a justice court is one of limited jurisdiction, and, being such, the jurisdiction the justice assumes must some-

where, be shown in his proceedings. Some confusion
has arisen as to just where the jurisdictional facts
must appear. It would seem that in all cases where
the property which is the subject-matter of a suit
brought before a justice of the peace fixes his jurisdic-
tion, then the jurisdiction must be made to appear from
some entry made by him in the case. [Sawyer v. Bur-
ris, 141 Mo. App. 108, 121 S. W. 321; State ex rel. Cas-
tleman v. Cunningham, 106 Mo. App. 58, 79 S. W. 1017;
Belshe v. Lamp, 91 Mo. App. 477; Barnes v. Plessner,
162 Mo. App. 1. c. 464, 142 S. W. 747; Severn v. Rail-
road, 149 Mo. App. 631, 129 S. W. 477; Robinson v.
Schlitz, 135 Mo. App. 32, 115 S. W. 472.] This will be
found on reading cases involving injury to live stock
by railroad companies, suits in attachment, mechanic's
lien suits, and the like. As was said in the case last
cited (l. c. 464): "But though such be true as to cases
of this character, the doctrine is much relaxed with
respect to the ordinary class of cases falling within the
jurisdiction of the justice, when the essential jurisdic-
tional facts appear in the proof made in the case,
though they are not shown on the face of the record
proper. For instance, where it appears in the proof
that both plaintiff and defendant reside in the same or
an adjoining township in which the suit is instituted,
the matter of jurisdiction sufficiently appears. [Trim-
ble v. Elkins, 88 Mo. App. 229-236.] Our statute (Sec.
7399, Revised Statutes 1909) provides that 'Every ac-
tion recognizable before a justice of the peace shall be
brought before some justice of the township, either:
First, wherein the defendants, or one of them, resides,
or in any adjoining township,' etc." [See, also: Lutes
& Dulaney v. Perkins, 6 Mo. 57; Collins v. Kammann,
55 Mo. App. 464; Rowe v. Schertz, 74 Mo. App. 1. c.
606; Powell v. Adams, 98 Mo. 598, 12 S. W. 295; Sut-
ton v. Cole, 155 Mo. 1. c. 213, 55 S. W. 1052; Smith v.
Lyle Rock Co., 132 Mo. App. 297, 111 S. W. 831; Sap-
pington v. Lenz, 53 Mo. App. 44; Hammond v. Dar-

lington, 109 Mo. App. 333, 84 S. W. 446; Wissman v.
Meagher, 115 Mo. App. l. c. 87, 91 S. W. 448; Randall
v. Lee & Randall, 68 Mo. App. 561; and 24 Cyc. 498.]
In considering the same question as. to jurisdiction of
a county court the Supreme Court in the case of State
v. McCord, 207 Mo. l. c. 526, 106 S. W. 27, held that it
is sufficient if jurisdiction appear from the entire rec-
ord, citing and approving cases hereinbefore referred
to. It will therefore be seen that although the pro-
ceedings in a justice's court must somewhere disclose
the jurisdiction, and in certain cases the jurisdiction
must appear on the face of the proceedings, yet in other
cases of which such courts entertain jurisdiction one
may look not only to the face of the proceedings but
to the entire proceedings, that is, the evidence, to as-
certain whether the justice had jurisdiction; and, as the
case before us falls within the last-mentioned class of
cases, if the evidence sufficiently showed that Johnson
township adjoins Kelley township, and that the jus-
tice had jurisdiction of the cause fixed by the residence
of the parties, his judgment was not without jurisdic-
tion. That such jurisdiction can be shown by evidence
*aliunde* requires us to hold that the justice's judgment
was not necessarily void because the face of the pro-
ceedings fails to show jurisdiction. As before stated,
only the record proper is brought here for our review,
and as we hold it unnecessary that the record proper
in this case show the jurisdictional facts claimed by
plaintiffs in error not to exist, the contention of the
plaintiffs in error is without merit. The judgment is
affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.