## LESAN ADVERTISING COMPANY v. BEN T. CASTLEMAN, Appellant.

### Division One, June 1, 1915.

1. **SPOLIATION OF CAUSE OF ACTION.** A mere allegation in a motion to quash verified by affidavit, filed after appeal in the circuit court, that the justice officiating, wantonly and unlawfully, mutilated the statement of the cause of action filed by the plaintiff before him, by drawing an inked pen through certain words, is not sufficient to authorize the court to sustain said motion, since it does not reveal whether the alteration was made in exercise of the right of amendment broadly granted by the statute.

2. **JURISDICTION: Appearance and Appeal.** The jurisdiction of both courts over the person of defendant is made complete by his appearance in the court of the justice of the peace, and by his taking an appeal from a judgment rendered against him by the justice and thereby voluntarily going to the circuit court and by his general appearance in the circuit court.

3. **FINDING OF FACTS: Voluntarily Made By Judge: Appeal.** A voluntary statement in writing by the trial judge of the facts which led him to his decision in the case, uncalled for by either party, whether embodied in the text of the judgment or in a separate writing and filed in the case, cannot be substituted by either party for the evidence as a test of the correctness of the judgment; and where the evidence is not preserved in a bill of exceptions, a judgment cannot on appeal be reversed on the sole ground that the facts stated in such voluntary statement were not sufficient to authorize the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Ben T. Castleman pro se.*

*Robert W. Hall* for respondent.

BROWN, C.—This cause is certified to this court upon a division of opinion by the St. Louis Court of Appeals. It was instituted March 23, 1909, before Anthony A. O'Hallaron, a justice of the peace for the city of St. Louis, before whom it resulted in a judgment for the plaintiff, from which an appeal was taken to the circuit court for the city of St. Louis, in which the following transcript, duly certified, was in due course filed:

"Anthony A. O'Hallaron, Justice of the Peace, Fifth District, St. Louis, Mo.

"Suit on account filed. Demand, $84.50 and interest.

"Summons issued to constable Samuel J. Young, March 23, 1909, returnable April 7, 1909, at six o'clock a. m.

"Summons returned duly served by constable Samuel J. Young, this 7th day of April, 1909, six a. m.

"Cause continued by consent to April 8, 1909, six a. m., and further to April 16, 1909, six a. m., and further for plaintiff to May 3, 1909, six a. m. Now, on said day and hour set for trial comes plaintiff, and, by attorney, comes also defendant; the evidence being submitted and concluded, the justice finds for plaintiff and against defendant Ben T. Castleman, doing business as Jewel Vibrator Company, in the sum of ninety-eight dollars. It is, therefore, adjudged by the justice that plaintiff recover of defendant Ben T. Castleman, doing business as Jewel Vibrator Company, the sum of ninety-eight dollars and costs of suit.

"Now, on May 7th comes Ben T. Castleman, and files his affidavit and bond with the United States Fidelity & Casualty Company as surety for an appeal.

"Bond approved, appeal granted and all the original papers in this case are sent to the circuit court, St. Louis, Mo., for further adjudication."

On November 3, 1909, the following motion, verified by defendant's affidavit, was filed in the circuit court:

"Now comes defendant herein, Ben T. Castleman, and appearing solely for the purposes of this motion, states that at no time did he enter an appearance in the justice court except special as attorney *pro se,* to object to the jurisdiction of the court and the regularity of the proceedings; and at no time consented to any continuance or to the proceedings therein had; that on the day of and prior to the rendition of judgment in the justice court, the justice officiating, mutilated, wantonly and unlawfully, the statement of the cause of action filed by the plaintiff herein, in this, that said justice of the peace, Anthony A. O'Hallaron, drew an inked pen twice through the words, TO ACCOUNT STATED AND; wherefore, this court is without jurisdiction; wherefore, and for the following reasons, defendant prays the writ of summons may be quashed and the cause dismissed:

"First. Because there was no cause of action stated against defendant.

"Second. Because the petition, as filed, purported to base the action on a stated account (which is upon contract—express *assumpsit*); and the summons recites the complaint is founded upon 'an account filed,' whereas, in truth, the account filed was only an exhibit.

"Third. Because no writ of summons ever issued upon the complaint filed.

"Fourth. Because there was never any service on defendant.

"Fifth. Because there was never any judgment rendered upon any cause of action.

"Sixth. Because the purported cause of action imperfectly and inartificially stated, was stricken out

before the trial by the justice; judgment being thereupon rendered upon the exhibit, a legally impossible theory, and this court is, therefore, without any jurisdiction to try and adjudicate as to either.

"Seventh.   Because there is no such an entity as the plaintiff purports to be in existence in the State of Missouri, doing business; and that there is a nonresident corporate entity of this name, which is not authorized to do business in this State, and is not authorized to sue either upon any cause of action herein, nor in any court of this State.

"Eight.   Because the justice court had no equitable jurisdiction to investigate and open an account, admitted to be closed, and the circuit court has none on appeal.

"BEN T. CASTLEMAN."

The motion was heard on the 19th of the same month, and being read without other evidence, was overruled by the court, and defendant excepted and filed his bill of exceptions.   He then filed an answer which, omitting the caption, is as follows:

"Now comes defendant Ben T. Castleman, and, saving all just exceptions taken heretofore herein, for defense to the complaint of plaintiff, denies that he is now or ever has been a member of any entity known as the Jewel Vibrator Company; and denies that he has engaged in any business other than the practice of law; and avers that the non-traversable matter set up in the caption of the petition is not true in fact; and, further answering, he sets up and specially pleads the Statute of Frauds, and asks to go hence without day, and recover his costs in this behalf expended.

"BEN T. CASTLEMAN, pro se."

A jury being waived, the cause was tried by the court and judgment rendered June 20, 1910, as follows: "Trial by court, judgment for plaintiff, against defendant and United States Fidelity & Guaranty Company, surety, for $90.82 and costs.   Court's finding

filed.'' The finding filed at the time of the rendition of the judgment is, omitting caption, as follows:

''In June or July, 1906, defendant called upon plaintiff company and requested it to make certain drawings of a vibrator which the defendant proposed to manufacture through a company which he was then planning to form, under the name of the Jewel Vibrator Company. He furnished it the vibrator, with the request that certain drawings should be made of the same for the purpose of using reproductions thereof in the advertising matter to be afterwards prepared. No arrangement was made as to the price to be paid for said drawings. The drawings, five in number, were prepared by the plaintiff and were exhibited to the defendant and he made no objection to the same, but requested plaintiff to retain them, which plaintiff did, the defendant stating that he was not ready to proceed further with the advertising in which the drawing would be used. The reasonable cost of making said drawings, or the value of the work in the making of same, was $84.50.

''W. B. HOMER, Judge.''

The defendant filed a motion in arrest of judgment, and for judgment *non obstante veredicto,* which, omitting caption, is as follows:

''Now comes defendant, and moves the court to arrest the judgment herein and render judgment for defendant *non obstante veredicto,* for the following reasons:

''First. Because the record discloses a lack of jurisdiction.

''Second. Because there was no cause of action stated against defendant.

''Third. Because the findings are not within the issues.

''Fourth. Because the findings discloses no agreement to become liable, and no facts upon which any liability of defendant can be founded.

"Fifth. Because both the statement of account filed and the findings of fact show the order for chattels to be made was in the name of and for a corporation to be formed, as principal, and the judgment imposes a liability on defendant, who acted only as agent, is not supported by the facts, and which, as a matter of law, did not before exist; and the finding the value of the work is not within the issues and no recovery can be had therefor.

"Sixth. Because the court had no jurisdiction of the equitable remedy in account and accounting.

"BEN T. CASTLEMAN, *pro se.*"

This being overruled, the defendant appealed to the St. Louis Court of Appeals, which, by a divided court, reversed the judgment and remanded the cause.

No bill of exceptions other than the term bill filed to preserve the exception to the overruling of the motion to quash the writ and dismiss the suit, was either made or filed, nor was there any motion for a new trial.

I. The first ground assigned as reversible error by the appellant is without merit. It seems to be founded on an alleged spoliation of the original claim filed with the justice as the beginning of the suit. The appellant charges that the justice, before rendering judgment, wantonly and unlawfully mutilated the statement filed by plaintiff by drawing "an inked pen twice through the words TO ACCOUNT STATED AND!." The appellant's verified motion to dismiss on this ground, which is the only evidence of the wanton act, is silent as to the circumstances and cause of this spoliation. It does not favor us with information as to whether or not the appellant was present at the time it was perpetrated, or whether it was done in the exercise of the right of amendment so broadly granted by section 7466, Revised Statutes 1909. [Turner v. Railroad, 76 Mo. 261; Williams v. Sanders, 69 Mo. App. 608; Boeker v. Crescent Co., 101

Spoliation.

Mo. App. 429; Burden v. Hornsby, 50 Mo. 238.] This liberality applies also to the process. [Martin v. Castle, 182 Mo. 216, 230, and cases cited.] There is nothing in the motion tending to indicate any impropriety in the act, which was clearly within the right of the justice.

**Appearance.** The jurisdiction of the person of appellant was complete by his appearance in the justice's court at the trial; by taking the appeal, and thereby going voluntarily into the circuit court (Boulware v. Railroad, 79 Mo. 494; R. S. 1909, sec. 7568) and by his general appearance in the circuit court.

II. The judges of the St. Louis Court of Appeals were divided in opinion as to whether this record presents the question of the correctness of the judgment upon the facts. No evidence is preserved, nor was any motion for a new trial made.

**Voluntary Finding of Facts by Trial Judge.** There is no bill of exceptions relating to any matter connected with the trial, but the record, so far as it relates to this question, consists of a paper filed with the rendition of the judgment, and designated, "Court's Finding." The writing of the words "Court's finding filed" at the conclusion of the minute of the judgment is the only mention it received in the record.

A majority of the judges of the Court of Appeals were of the opinion that this paper amounted to a compliance with the terms of section 1972, Revised Statutes 1909, and, as "conclusions of facts found" by the court under that section, was a part of the record proper, and must, by its terms, authorize the judgment entered. They held that the facts stated in it were not sufficient to authorize the judgment, and accordingly reversed and remanded the cause. It is plain that if this position is not well taken, both as to the nature of the paper as being a compliance with the statute and its legal effect as a part of the record proper, it is not before us, for, if we consider it as a

mere declaration of law, it is not brought into the record by bill of exceptions.

REYNOLDS, Presiding Judge, differed from his brethren. In a very full and carefully considered dissenting opinion filed, 165 Mo. App. l. c. 584, he held, in substance, with a liberal citation of Missouri authorities which we think fully sustained him, that a finding of facts by the *court* so far as it serves any purpose in our procedure, is a creature of the statute, to be employed only upon request of one of the parties to the suit, and for the statutory purpose of enabling the parties to except to the decisions of the court upon the questions of law and equity arising in the case; and that a voluntary statement of the judge, uncalled for by either party, of the considerations of fact which led him to his decision, whether embodied in the text of the judgment or in a separate writing, cannot be substituted by either party for the evidence as a test of the correctness of the judgment. The learned Presiding Judge deemed the decision of the court contrary to numerous decisions of this court and of the St. Louis and Kansas City Courts of Appeals which he mentioned, and the cause was accordingly transferred to this court.

We have come to the conclusion that upon the question last mentioned the opinion of the learned dissenting judge is right, and that his opinion contains a correct statement of the law. In support of this view we could add nothing to what has been said by him, and we refer to his dissenting opinion for an expression of our own views upon the subject.

We do not think there is anything in this record by which we can judge of the correctness of the judgment appealed from. We think that the Court of Appeals, in reversing the judgment of the trial court on the ground that the facts stated in the finding to which we have referred are not sufficient of themselves to support it, committed error, and its judgment is ac-

cordingly reversed, and the judgment of the circuit court for the city of St. Louis is affirmed. *Railey, C.,* concurs.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.