JOE ELLISON, Appellant, v. E. E. SELLERS, Respondent.

In the Springfield Court of Appeals, December 7, 1923.

1. JUSTICES OF THE PEACE: Appearance in Justice Court and Appeal to Circuit Court Subjected Defendant's Person to Jurisdiction of Both Courts. Where defendant entered his appearance in justice court and appealed the case from justice court to the circuit court, he subjected his person to the jurisdiction of the two courts and it was error to sustain his motion to dismiss the appeal because the transcript of the justice court did not show that jurisdiction of the defendant's person had been obtained.

2. ————: Jurisdiction Shown Aliunde Transcript of Justice. The question of jurisdiction of the person may be shown *aliunde* the transcript of the justice on appeal to the circuit court.

Appeal from the Circuit Court of Douglas County.— *Hon. Fred Stewart*, Judge.

REVERSED AND REMANDED.

*John M. Bragg* for appellant.

The residence of the parties is a matter of evidence, and the circuit court should have allowed the cause to be tried and determined in that manner whether or not the justice of the peace had jurisdiction over the subject-matter. 182 Mo. 216, 229, and 230; 78 Mo. 578; 63 Mo. App. 544.

*L. Z. Banta* for respondent.

If the record of justice of the peace court does not affirmatively show jurisdiction the error is fatal, and the action of the circuit court in sustaining defendant's

motion to dismiss the proceedings was proper.  24 Cyc. 441; Gibson v. Vaughn, 61 Mo. 418; McCloon v. Beattie, 46 Mo. 391; Rogers v. Davis, 194 Mo. App. 378; Trapp v. Mersman, 183 Mo. App. 512.

FARRINGTON, J.—The record in this case shows that this suit was begun in the justice court on an account filed there by the plaintiff.  The constable served the defendant and his return merely showed that service was had on the defendant in Spring Creek Township, Douglas County, Missouri.  The suit was begun and tried in Benton Township, Douglas County, Missouri. The defendant entered his appearance in the justice court and a judgment was rendered against him for $15.45. From this judgment the defendant appealed the case to the circuit court, and when it reached there he filed a motion to dismiss the appeal because there was nothing in the transcript of the justice showing the residence of the parties.  In fact nothing appears from the record of the justice of the peace, certified up to the circuit court, that the justice before whom the judgment was rendered had jurisdiction of the person of the defendant other than the fact that defendant entered his appearance and went to trial.  The circuit court sustained the motion to dismiss the appeal and it is from the judgment of dismissal the appeal is taken.

The court erred in sustaining the motion, because when the defendant entered his appearance in the justice court and appealed the case from the justice court to the circuit court, he has subjected his person to the jurisdiction of the two courts in which the cause was pending. It has been recently held in the case of Lesan Advertising Co. v. Castleman, 265 Mo. 345, l. c. 351, 177 S. W. 597, that, "The jurisdiction of the person of appellant was complete by his appearance in the justice's court at the trial; by taking the appeal, and thereby going voluntarily into the circuit court."  Besides, the question of the jurisdiction of the person might have been shown

*aliunde* the transcript of the justice. [See Trimble v. Elkin, 88 Mo. App. 229; Barnes v. Plessner, 162 Mo. App. 460, 142 S. W. 747.; Swezea v. Jenkins, 186 Mo. App. 428, 1. c. 432, 433, 171 S. W. 618.]

The judgment is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.